UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
KEESHA ANDERSON,

                Plaintiff,

      vs.

AMAZON.COM, INC., AMAZON.COM
SERVICES LLC, STEVE BOOM and RYAN
REDINGTON,

                Defendants.
---------------------------------------------------------------x

Case No. 1:23-cv-08347 (AS)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# AMAZON DEFENDANTS' MOTION TO DISMISS COMPLAINT
# PURSUANT TO RULE 12(B)(6)

**DAVIS WRIGHT TREMAINE LLP**
Michael Goettig
Rodrigo Tranamil
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

Page

I.    ANALYSIS ................................................................................................................ 1

    A.    The Opposition Fails to Demonstrate that Any of the Conduct Alleged in the Complaint was Due to Plaintiff's Race .................................................................. 1

    B.    The Opposition Fails to Identify a Hostile Work Environment or Constructive Discharge ................................................................................................................ 2

    C.    The Opposition Fails to Demonstrate that Any of the Conduct Alleged in the Complaint was Due to Plaintiff's Protected Activity ............................................ 4

II.    CONCLUSION ........................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Amaya v. Ballyshear LLC*,
    295 F.Supp.3d 204 (E.D.N.Y. 2018) ........................................................................................3

*CBOCS West v. Humphries*,
    553 U.S. 442 (2008) ..................................................................................................................1

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015)......................................................................................................2

*Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*,
    882 F.3d 52 (2d Cir. 2018)........................................................................................................3

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998)......................................................................................................3

**Federal Statutes**

42 U.S.C. § 1981.............................................................................................................................1

Plaintiff's[1] memorandum of law in opposition to the Amazon Defendants' motion to dismiss the Complaint (Docket Doc. No. 84, the "Opposition" or "Opp.") fails to demonstrate how any of the allegations in the Complaint adequately state a cause of action against them. In the Opposition, Plaintiff invites the Court to find discrimination and retaliation where none exists, pointing to the praise, support and encouragement that she received from her supervisors as a form of "discriminatory laundering" by "straw managers" under a theory that has no legal precedent. Accordingly, the Court should dismiss the Complaint in its entirety, without leave to amend.[2]

## I.     ANALYSIS

### A.     The Opposition Fails to Demonstrate that Any of the Conduct Alleged in the Complaint was Due to Plaintiff's Race

In the Opposition, Plaintiff has subsumed her claim of race-based discrimination within her claim of retaliation. Specifically, Plaintiff argues that her claims "stem entirely from the retaliation she was subjected to following her complaints about Abigail Akzin's racially motivated behavior." Opp., at 12, citing *CBOCS West v. Humphries*, 553 U.S. 442 (2008). In *Humphries*, however, the Supreme Court held that claims sounding in retaliation were recognized under Section 1981 – *not* that a claim alleging retaliation also constituted a claim sounding in race-based discrimination. *Id.*, at 1961 ("We … hold that 42 U.S.C. § 1981 encompasses claims of retaliation"). As Plaintiff acknowledges in the table accompanying the Opposition (Docket Doc. No. 81-1), claims of discrimination must allege with plausibility that the complained-of conduct was because of the plaintiff's race – *not* because the plaintiff had engaged in protected activity.

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Amazon Defendants' moving papers (*see* Docket Doc. No. 74, the "Moving Brief" or "Mov. Br.").

[2] The Amazon Defendants incorporate by reference the arguments pertaining to improper venue set forth in the Individual Defendants' memorandum of law in further support of their motion to dismiss the Complaint.

1

Because none of the allegations in the Complaint demonstrate that Plaintiff was treated less well than others because of her race, the Court should dismiss each of her claims of discrimination.

In an effort to support an inference of discrimination, Plaintiff points to Postelle's and Simonian's alleged comments in which each expressly *disclaims* any desire to terminate the employment of a "Black girl." Opp., at 5. Plaintiff correctly notes that "these comments simply cannot be denounced as stray remarks that carry no weight." *Id.* On the contrary, they weigh *against* any inference of race-based discrimination. Similarly, the Court should decline Plaintiff's invitation to find nefarious motives in the fact that Plaintiff received positive performance evaluations. *See* Opp., at 6 ("The fact that Defendant Redington praised Plaintiff's performance is consistent with their Discrimination Laundering strategy. Indeed, the entire point of their scheme was to ensure that there would be no reason to suspect any connection between the leadership and the discriminatory decisions being taken against the Plaintiff"). This theory, predicated as it is upon objective indicia of an employer's support for an employee's professional advancement, cannot be reconciled with the *Twombly/Iqbal* plausibility standard. Plaintiff's subjective belief that her supervisors' comments and actions actually support her claims of discrimination is insufficient to adequately state a cause of action – rather, she must allege "facts suggesting an inference of discriminatory motivation[.]" *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Because the facts alleged in the Complaint *rebut* such an inference, Plaintiff's claims of discrimination must be dismissed.

**B.     The Opposition Fails to Identify a Hostile Work Environment or Constructive Discharge**

In the Opposition, Plaintiff argues that the Complaint demonstrates that her working conditions were so intolerable that any reasonable person would have felt compelled to resign

(Opp. at 6-9), and that she was subjected to an objectively hostile work environment (Opp. at 9-14). She is incorrect on both counts.

The Court should disregard allegations that do not actually appear in the Complaint. For example, the allegations in the Complaint do not support the position that Simonian "taunted" Plaintiff about Akzin (*compare* Opp., at 7, *and* Cplt., ¶¶ 56-57), that Plaintiff had "growing feelings of helplessness and hopelessness" (Opp., at 8), that Postelle "belittle[d] and humiliate[d]" Plaintiff (*compare id.*, *and* Cplt., ¶¶ 42, 84-86), that Plaintiff's "circumstances were only going to get worse" (*id.*), or that Dizon "conspired" with the Amazon Defendants to enter her into Pivot (*id.*). The Court should reject Plaintiff's attempts to rewrite the well-pleaded factual allegations in the Complaint in this way because "a party is not entitled to amend its complaint through statements made in motion papers[.]" *Amaya v. Ballyshear LLC*, 295 F.Supp.3d 204 (E.D.N.Y. 2018) (quoting *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 56 (2d Cir. 2018) and *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)).

The Complaint as it is actually pleaded is insufficient to adequately allege that the workplace was so objectively intolerable that any reasonable employee would have felt compelled to quit, or that the working atmosphere was permeated with discriminatory ridicule. Plaintiff's efforts in this respect focus on business-related decisions with which she disagreed (Opp., at 10-11) and comments by her supervisors devoid of any suggestion of discrimination (Opp., at 4 (Redington observed that Boom was "working on making changes to the organization"), 8 (Postelle noted that "experiential is a low priority") and 13 (Simonian said, "I know Abs is not your fave")). Plaintiff also relies on her allegation that Redington reassigned Plaintiff to work under Postelle and Simonian, that Postelle made remarks about *not* wanting to "fire" a black employee, and that an alleged "leaked memo" demonstrated Amazon's misuse of its performance

management process. (Opp., at 4-5.) This argument fails, however, because none of these incidents, taken alone or together, are sufficient to demonstrate the sort of intolerable working conditions sufficient to support a claim of constructive termination – or conduct so severe and pervasive as to alter the terms of Plaintiff's employment.

### C. The Opposition Fails to Demonstrate that Any of the Conduct Alleged in the Complaint was Due to Plaintiff's Protected Activity

The Court should disregard every reference in the Opposition to Akzin's "racially discriminatory behavior" (Opp., at 1), or her "racially motivated behavior" (Opp., at 4, 7, 9, 12, 18-19). As alleged in the Complaint, Akzin "had a reputation for being difficult to work with," and it is alleged only "upon information and belief" that "she was known to be tougher on people of color." Cplt., ¶ 18. According to the Complaint, Plaintiff "complained to [Dizon] about Ms. Akzin's harassing, bullying and retaliatory behavior towards her *as well as her belief that Ms. Akzin's behavior was racially motivated.*" Cplt., ¶ 19 (emphasis added).[3] As such, Plaintiff's theory of retaliation argues that discussions she had with Dizon in late 2019 set into action a course of conduct which resulted in her eventual departure from Amazon more than two years later. Assuming for the sake of this motion that Plaintiff engaged in protected activity when she speculated with Dizon that Akzin's conduct toward her was racially motivated, it nonetheless avails Plaintiff nothing.

For the reasons set forth in Section I(A) above, Plaintiff's claims of retaliation are baseless. Far from retaliating against her, Plaintiff's supervisors praised her, provided her with positive reviews, and encouraged her to continue her employment with Amazon. Those well-pleaded factual allegations cannot be reconciled with the conclusory assertion that "Plaintiff became the

---

[3] Plaintiff also concedes in the Opposition that she did not discuss those beliefs with Redington. (Opp., at 19 ("Plaintiff did not specifically complain to Defendant Redington about her belief that Abigail Akzin's hostile behavior was racially motivated").)

4

subject of a consistent barrage of adverse actions waged against her in retaliation for the complaints of discrimination she had made." Cplt., ¶ 51.

Read in the light most favorable to Plaintiff, the Complaint alleges that Plaintiff was dissatisfied with her rate of professional advancement at Amazon. The incidents cited in the Opposition in support Plaintiff's claims of retaliation include, for example, being denied supervisory responsibilities, being excluded from meetings, receiving a limited budget and being asked to provide "support" and "backup" to colleagues. *See, generally,* Opposition, at 10-11. What the Opposition fails to acknowledge, however, is that this was the scope of Plaintiff's job with Amazon, *even before she complained to Dizon*. According to the Complaint, Plaintiff had no supervisory responsibilities, even when she reported to Akzin. Cplt., ¶ 18(g). Even before she went to Dizon, she felt that she was being excluded from meetings (Cplt., ¶ 18(b), took issue with the way her budget was being handled (Cplt., ¶ 18(e)), and perceived that her colleagues were receiving more preferential treatment than what was provided to her (Cplt., ¶ 18(f))). As early as November 2019, Plaintiff shared with Boom that "she was considering leaving Amazon altogether since the position she was hired to fill didn't seem to be panning out as she expected." Cplt., ¶ 24. The Complaint also alleges that Plaintiff's dissatisfaction with the size of her budget and discomfort at the prospect of being transferred to another department prompted her to resign. Cplt., ¶¶ 184, 196. This was, of course, her prerogative. However, neither that decision nor any of the incidents summarized in the Complaint and the Opposition give rise to a claim of retaliation. The Court should dismiss those claims in their entirety.

**II.     CONCLUSION**

For the foregoing reasons, defendants Amazon.com, Inc., and Amazon.com Services LLC respectfully request an Order dismissing with prejudice Plaintiff's Complaint for failure to state a cause of action, and granting them such additional relief as the Court may deem appropriate.

Dated: New York, New York
March 5, 2024

                              Respectfully submitted,

                              DAVIS WRIGHT TREMAINE LLP

                              By:   /s/ Michael Goettig
                                    Michael Goettig
                                    Rodrigo Tranamil
                              1251 Avenue of the Americas, 21st Floor
                              New York, New York 10020
                              (212) 489-8230
                              *Attorneys for Defendants*