

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Michael Goettig**
(212) 603-6498 tel
(212) 379-5202 fax

michaelgoettig@dwt.com

April 17, 2024

**VIA ECF**
Honorable Arun Subramanian,
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *Anderson v. Amazon.com, Inc., et al.*; No. 23-cv-08347

Dear Judge Subramanian:

     This firm represents the defendants Amazon.com, Inc., Amazon.com Services LLC (referred to collectively with Amazon.com, Inc. as "Amazon" or the "Amazon Defendants"), Steve Boom ("Boom"), and Ryan Redington ("Redington"; referred to collectively with Boom as the "Individual Defendants") (the Amazon Defendants and Individual Defendants referred to collectively as the "Defendants").  Pursuant to Paragraphs 3(A) and 8(A) of Your Honor's Individual Rules of Practice, we write to respectfully request that the Court enter a stay of discovery in this matter pending resolution of the Defendants' fully briefed motions (ECF Nos. 68 and 73, the "Motions") to dismiss in its entirety the second amended complaint filed by the plaintiff Keesha Anderson ("Anderson").  Defendants summarize herein the good cause that supports their request.

     On December 7, 2023, counsel for the parties jointly submitted a proposed case management plan that deferred discovery until after the Court's disposition of the Defendants motions to dismiss the amended complaint.  *See* ECF No. 50.  On December 11, 2023, the Court rejected that proposed case management order (ECF No. 53) and subsequently So Ordered a case management order that called for the parties to participate in discovery while Defendants' motions were pending (ECF No. 56).  Anderson filed a second amended complaint on January 2, 2024 (ECF No. 63), and Defendants filed documents in support of their Motions on January 16, 2024.  Briefing on those Motions, including Plaintiff's surreplies (ECF Nos. 90 and 91), was fully submitted as of March 12, 2024.  Since then, the parties have been engaged in discovery pending the Court's disposition of the Motions in accordance with the Court's scheduling order. ECF No. 56.

     While the filing of a motion to dismiss does not itself constitute good cause to stay discovery, courts have considerable discretion in determining whether a stay is warranted.  *See Kaplan v. Lebanese Canadian Bank, SAL*, No. 08-cv-7253 (GBD) (KHP), 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022).  In exercising this discretion, courts generally consider the following

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) (internal quotes omitted). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay" *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Here, each of these three factors enumerated in *Hong Leong Fin. Ltd. (Singapore)* supports granting the Defendants' motion to stay.

First, participating in discovery would require extensive document review and the preparation of between two and four witnesses, all in defense of claims which have no factual or legal basis. The Amazon Defendants have ingested the data files of five employees from the two and-a-half year period of Plaintiff's employment, which consists of a data set of 720,878 documents and amounts to 191.71 gigabytes of data. If discovery proceeds, the immediate next step will be for Amazon counsel to review this voluminous amount of data for responsiveness to Anderson's discovery requests. Anderson has also noticed four depositions, including of each of the Individual Defendants. If discovery is stayed and the Motions are granted, the attendant waste of time and resources in connection with Amazon's participation in the discovery process will have been avoided.

Second, no prejudice to Anderson will result from a stay of discovery. To the contrary, given that the Individual Defendants have sought dismissal of the claims against them on the grounds of lack of personal jurisdiction, it is *they* who may be prejudiced by being forced to participate in discovery. *See Flex Mktg. Group, LLC v. Lapin*, 638 F. Supp. 3d 385, 391 (S.D.N.Y. 2022) (holding that "[a] court will obtain, through implied consent, personal jurisdiction over a defendant if '[t]he actions of the defendant [during the litigation] . . . amount to a legal submission to the jurisdiction of the court, whether voluntary or not'"). Moreover, the requested stay is only for a "short period of time," since the Motions are already fully briefed and ready for a decision. *See Rivera v. Heyman*, No. 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue"). To the extent that Plaintiff argues that immediate discovery is necessary because witnesses' memories may fade with the passage of time, Defendants respectfully submit two responses: first, courts have held that "any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in [a] case pending a decision on a potentially dispositive motion." *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-cv-6362, 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014). And second, Plaintiff did not commence this action until more than a year and a half after her last day of employment. The Court should not entertain an argument from Plaintiff that time is suddenly of the essence in light of the interval of time that passed between when she was allegedly forced to resign and the date on which she filed the complaint.

Honorable Arun Subramanian
April 17, 2024
Page 3

      Third, the Motions are strong. The "strength of the motion" factor contemplates whether the party seeking the stay has "substantial arguments for dismissal" and whether "the plaintiff's claim is unmeritorious." *Am. Fed'n of Musicians & Emps.' Pension Fund v. Atl. Recording Corp.*, No. 1:15-cv-6267 (GHW), 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (staying discovery in light of "substantial grounds" for motion to dismiss and burden to defendants) (citations omitted). Anderson's claims, predicated upon a novel theory of liability that opposing counsel has named "discrimination laundering," are plainly unmeritorious, not only for all the reasons set forth in the Motions, but for additional reasons that have presented themselves over the course of discovery to date.[1] A stay is especially prudent where a motion puts forth "multiple, independent arguments for dismissal." *Integrated Sys. & Power*, 2009 WL 2777076, at *1; *Rivera*, 1997 WL 86394, at *1 (granting stay where motion to dismiss was not "merely a delay tactic" and had more than a "minimal probability of success"). Here, the Motions offer numerous independent grounds for why Anderson's second amended complaint should be dismissed, including for failure to state a claim, lack of personal jurisdiction, and improper venue. Finally, as to this factor, courts also consider whether the "resolution of the pending motion to dismiss may dispose of the entire action." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-cv-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (collecting cases). If the Motions are granted, the second amended complaint will be dismissed in its entirety, presumably without leave to replead. Plaintiff has already amended the complaint twice and has not sought leave to replead for a third time (let alone made a showing of how she proposes to cure the defects in a third amended complaint). *Campaniello Imports, Ltd. v. Saporiti Italia SpA*, 117 F. 3d 655, 664 n.3 (2d. Cir. 1997).

      For all the foregoing reasons, Defendants respectfully request that the Court issue an order staying discovery in this action until disposition of the Motions. We thank the Court for its consideration of this request.

Respectfully submitted,

Davis Wright Tremaine LLP

/s/Michael Goettig

Michael Goettig

Cc: Jessie M. Djata, counsel for plaintiff

---

[1] Specifically, Anderson has produced documents which demonstrate that, far from being constructively discharged from her job (as is alleged in the second amended complaint), she began her search for subsequent employment *months* before she tendered her resignation in February 2022. Plaintiff cannot sustain her claim of constructive discharge in the face of this evidence. *See, e.g.*, *Tepperwien v. Entergy Nuclear Operations, Inc.*, 606 F. Supp. 2d 427, 447 (S.D.N.Y. 2009), *aff'd at* 663 F.3d 556 (2d Cir. 2011). Plaintiff has also produced documents indicating that she negotiated with her subsequent employer an *increase* in her rate of compensation, which means that she has *no* claim of entitlement to damages in the form of front pay or back pay, even if she were able to establish liability on her underlying claim of constructive discharge (which she cannot do, for the reasons set forth in the Motions).