UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

KEESHA ANDERSON,                                   :
                                                   :        Case No. 1:23-cv-08347 (AS)
                          Plaintiff,               :
                                                   :
                 - against -                       :
                                                   :        **ANSWER TO SECOND**
                                                   :        **AMENDED COMPLAINT**
AMAZON.COM, INC., AMAZON.COM                        :
SERVICES, LLC, STEVE BOOM and RYAN                 :
REDINGTON,                                         :
                                                   :
                          Defendants.              :
                                                   :
---------------------------------------------------------- x

Defendants Amazon.com, Inc., and Amazon.com Services LLC (referred to collectively with Amazon.com, Inc., as "Amazon" or "Defendants"), by and through their attorneys, hereby submit their answer to the allegations set forth in the Second Amended Complaint (the "Complaint") of plaintiff Keesha Anderson ("Anderson" or "Plaintiff").

1.      Amazon denies that Plaintiff is entitled to any of the relief she seeks but admits that she brings this action under the theories set forth in the Complaint.

2.      On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, those allegations require no response. Defendants deny that Amazon subjected Plaintiff to "discriminatory treatment" at any time, deny knowledge or information sufficient to form a belief as to Plaintiff's current residence, and admit the remaining allegations in Paragraph 2.

3.      Amazon admits the allegations in Paragraph 3.

4.      On May 31, 2024, the Court dismissed Plaintiff's claims asserted against Boom, and as such, the allegations in Paragraph 4 require no response. Defendants nonetheless admit that Boom was VP, Amazon Music during the period of Plaintiff's employment.

5.      On May 31, 2024, the Court dismissed Plaintiff's claims asserted against Redington, and as such, the allegations in Paragraph 5 require no response. Defendants nonetheless admit that Redington reported to Boom and held the title of Director of Amazon Music during the period of Plaintiff's employment.

6.      Amazon denies the allegations in Paragraph 6.

7.      Amazon denies the allegations in Paragraph 7 but admits that Plaintiff's operational budget was reduced during the COVID-19 pandemic.

8.      Amazon denies the allegations in Paragraph 8.

9.      Amazon denies the allegations in Paragraph 9.

10.     Amazon denies the allegations in Paragraph 10 but admits that Plaintiff was placed into Pivot, successfully completed the process and resumed her normal work responsibilities thereafter.

11.     Amazon denies the allegations in Paragraph 11.

12.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 12 require no response.

13.     The allegations in Paragraph 13 constitute legal argument to which no response is required. To the extent that Paragraph 13 contains any factual allegations, Amazon denies them.

14.     The allegations in Paragraph 14 constitute legal argument to which no response is required. To the extent that Paragraph 14 contains any factual allegations, Amazon denies them.

15.     Amazon denies knowledge or information concerning the details of Plaintiff's application process, admits upon information and belief the representations concerning Plaintiff's prior educational and work experience, admits that Plaintiff participated in interviews in connection with her application for employment with Amazon, admits that Plaintiff received praise from colleagues while employed by Amazon, and denies the remaining allegations in Paragraph 15.

16.     Amazon admits that Plaintiff was hired within the experiential marketing space under Amazon Music and that Amazon positions are categorized into levels.  Amazon admits upon information and belief that Plaintiff resided in New York during the period relevant to these allegations.  Amazon denies knowledge or information sufficient to form a belief as to the substance of communications between Josh Fein and denies the remaining allegations in Paragraph 16.

17.     Amazon admits that Plaintiff was hired to work in Seattle, Washington, as part of Amazon Music's Marketing and Growth team run by Tami Hurwitz, reporting directly to Abigail Akzin.  Amazon admits upon information and belief that Plaintiff resided in New York during the period relevant to these allegations.  Amazon denies knowledge or information sufficient to form a belief as to the substance of communications between Josh Fein and Anderson and denies the remaining allegations in Paragraph 17.

18.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in hostile work environment, and as such, the allegations in Paragraph 18 require no response.

19.     Amazon denies the allegations in Paragraph 19, except admits that Anderson had discussions with Dizon, Boom and Redington.

20.     Amazon denies knowledge or information sufficient to form a belief as to what Plaintiff was told in or about December 2019.

21.     Amazon denies the allegations in Paragraph 21, except admits that Anderson and Dizon had discussions over the course of her employment.

22.     Amazon denies the allegations in Paragraph 22, and specifically denies that Anderson claimed to Dizon that her race played any part in any unwelcome conduct that she experienced at work.

23.     Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, except admits that Boom met with Anderson.

24.     Amazon admits that Boom met with Anderson and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25.     Amazon denies knowledge or information sufficient to form a belief as to the specific Beatles inspired campaign to which Plaintiff references and denies the remaining allegations in Paragraph 25.

26.     Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, except admits that Redington met with Anderson on more than one occasion and that Anderson expressed frustrations with Akzin.

27.     Amazon admits that Redington met with Anderson, admits that Anderson expressed frustrations with Akzin, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28.     Amazon denies knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 28.

29.    Amazon admits the allegations in Paragraph 29.

30.    Amazon admits the allegations in Paragraph 30.

31.    Amazon denies knowledge or information sufficient to form a belief as to
Plaintiff's beliefs and whether Redington informed her that she would not be receiving direct
reports and denies the remaining allegations in Paragraph 31.

32.    Amazon denies the allegations in Paragraph 32.

33.    Amazon denies the allegations in Paragraph 33, except admits that Anderson met
with Dizon.

34.    Amazon admits that the budget for experiential events was reduced during the
COVID-19 pandemic and denies the remaining allegations in Paragraph 34.

35.    Amazon admits the allegations in Paragraph 35.

36.    Amazon admits the allegations in Paragraph 36.

37.    Amazon denies the allegations in Paragraph 37.

38.    Amazon denies that Plaintiff was targeted as a "problem employee" and admits
that Plaintiff received positive feedback.

39.    Amazon admits the existence of the documents referenced in Paragraph 39 and
refers the Court to those documents for a full and accurate recitation of their contents.  Amazon
admits that Redington was open to testing new ideas and that Plaintiff's request to relocate to
New York was granted.  Amazon denies knowledge or information sufficient to form a belief as
to whether several events were viewed favorably outside of Amazon and denies the remaining
allegations in Paragraph 39.

40.    Amazon denies the allegations in Paragraph 40.

41.    Amazon denies the allegations in Paragraph 41.

42. Amazon denies the allegations in Paragraph 42, but admits that Postelle was enthusiastic about meeting Plaintiff.

43. Amazon denies knowledge or information sufficient to form a belief as to how Plaintiff interpreted her interaction with Postelle and denies the remaining allegations in Paragraph 43.

44. The allegation in Paragraph 44 constitutes legal argument, to which no response is necessary. To the extent that any response is necessary, Amazon denies the allegations in Paragraph 44.

45. The allegation in Paragraph 45 constitutes legal argument, to which no response is necessary. To the extent that any response is necessary, Amazon denies the allegations in Paragraph 45.

46. Amazon denies the allegations in Paragraph 46.

47. The allegation in Paragraph 47 constitutes legal argument, to which no response is necessary. To the extent that any response is necessary, Amazon denies the allegations in Paragraph 47.

48. The allegation in Paragraph 48 constitutes legal argument, to which no response is necessary. To the extent that any response is necessary, Amazon denies the allegations in Paragraph 48.

49. The allegation in Paragraph 49 constitutes legal argument, to which no response is necessary. To the extent that any response is necessary, Amazon denies the allegations in Paragraph 49.

50. Amazon denies the allegations in Paragraph 50.

51. Amazon denies the allegations in Paragraph 51.

52.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 52 require no response.

53.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 53 require no response.

54.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 54 require no response.

55.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 55 require no response.

56.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 56 require no response.

57.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 57 require no response.

58.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 58 require no response.

59.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 59 require no response.

60.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 60 require no response.

61.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 61 require no response.

62.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 62 require no response.

63.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 63 require no response.

64.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 64 require no response.

65.     Amazon denies the allegations in Paragraph 65 of the Complaint.

66.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 66 require no response.

67.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 67 require no response.

68.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 68 require no response.

69.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge and hostile work environment, and as such, the allegations in Paragraph 69 require no response.

70.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 70 require no response.

71.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 71 require no response.

72.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 72 require no response.

73.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 73 require no response.

74.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 74 require no response.

75.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 75 require no response.

76.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 76 require no response.

77.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 77 require no response.

78.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 78 require no response.

79.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 79 require no response.

80.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 80 require no response.

81.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 81 require no response.

82.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 82 require no response.

83.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 83 require no response.

84.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 84 require no response.

85.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 85 require no response.

86.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 86 require no response.

87.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 87 require no response.

88.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 88 require no response.

89.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 89 require no response.

90.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 90 require no response.

91.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 91 require no response.

92.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 92 require no response.

93.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 93 require no response.

94.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 94 require no response.

95.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 95 require no response.

96.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 96 require no response.

97.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 97 require no response.

98.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 98 require no response.

99.     Amazon admits that Plaintiff was entered into Pivot, "a mechanism used by Amazon to assist employees who are falling short of performance expectations," on September 21, 2020 and denies the remaining allegations in Paragraph 99.

100.    Amazon admits that Mark Dizon was Plaintiff's HRBP in connection with the Pivot process and denies the remaining allegations in Paragraph 100.

101.    Amazon denies knowledge or information sufficient to form a belief as to how Plaintiff reacted to being placed into Pivot, admits that Plaintiff received positive feedback while employed by Amazon, and denies the remaining allegations in Paragraph 101.

102.    Amazon admits the existence of Plaintiff's Pivot Entry Form and refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations are inconsistent with that document, Amazon denies them.

103.    The allegation in Paragraph 103 constitutes legal argument, to which no response is necessary.  To the extent that any response is necessary, Amazon denies the allegations in Paragraph 103.

104.    Amazon admits the existence of the documents referenced in Paragraph 104 and refers the Court to them for a full and accurate recitation of their contents.  To the extent that the allegations are inconsistent with those documents, Amazon denies them.

105.    Amazon denies the allegations in Paragraph 105.

106.    Amazon denies the allegations in Paragraph 106.

107.    Amazon denies the allegations in Paragraph 107.

108.    Amazon denies the allegations in Paragraph 108, except admits that Plaintiff was given the option of leaving Amazon or improving her performance in connection with the Pivot process.

109.    Amazon admits the existence of policies concerning performance improvement and performance review, and respectfully refers the Court to them for a full and accurate recitation of their contents.  To the extent that the allegations in Paragraph 109 are inconsistent with those policies, Amazon denies them.

110.    Amazon denies the allegations in Paragraph 110.

111.    Amazon denies the allegations in Paragraph 111.

112.    Amazon admits that Plaintiff elected to improve her work performance rather than leave, and that Plaintiff's decision was memorialized in writing.  Amazon denies the remaining allegations in Paragraph 112.

113.    Amazon admits the existence of policies concerning performance improvement and performance review, and respectfully refers the Court to them for a full and accurate recitation of their contents.  To the extent that the allegations in Paragraph 113 are inconsistent with those policies, Amazon denies them.

114.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.    Amazon admits the existence of documents memorializing Plaintiff's participation in the Pivot process, and respectfully refers the Court to them for a full and accurate recitation of their contents.  To the extent that the allegations in Paragraph 115 are inconsistent with those documents, Amazon denies them.  Amazon denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115.

116.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, except admits to the existence Amazon Music's office in Brooklyn.

117.    Amazon denies the allegation in Paragraph 117, except admits that Plaintiff was not present at the meeting held on October 27 or 28.

118.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120.

121.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121.

122.    Amazon admits the existence of documents memorializing Plaintiff's participation in the Pivot process, and respectfully refers the Court to them for a full and accurate recitation of their contents.  To the extent that the allegations in Paragraph 122 are inconsistent with those documents, Amazon denies them.  Amazon denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122.

123.    Amazon admits that Postelle was committed to Plaintiff's professional development and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123.

124.    Amazon admits the allegations in Paragraph 124.

125.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.

126.    Amazon denies the allegations in Paragraph 126.

127.    Amazon admits that Plaintiff's budget was reduced during the COVID-19 pandemic and denies the remaining allegations in Paragraph 127.

128.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, except admits that Postelle would share feedback with Plaintiff.

129.    Amazon denies that Postelle was "dismissive" and admits that in-person experiential events were not prioritized during the COVID-19 pandemic.

130.    Amazon denies the allegations in Paragraph 130 and admits that in-person experiential events were not prioritized during the COVID-19 pandemic.

131.    Amazon admits that budgets for in-person experiential events were reduced during the COVID-19 pandemic and denies the remaining allegations in Paragraph 131.

132.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.    Amazon admits the existence of Plaintiff's March 2021 performance review and refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations are inconsistent with that document, Amazon denies them.

134.    Amazon denies the allegations in Paragraph 134, except admits that Plaintiff did not receive a raise.

135.    Amazon denies the allegations in Paragraph 135, but admits that Plaintiff was placed into Pivot, successfully completed the process and resumed her normal work responsibilities thereafter.

136.    Amazon denies knowledge or information sufficient to form a belief as to statements made by the "Whistleblower."

137.    Amazon denies knowledge or information sufficient to form a belief as to statements made by the "Whistleblower" and denies the remaining allegations in Paragraph 137.

138.    Amazon denies knowledge or information sufficient to form a belief as to statements made by the "Whistleblower" and denies the remaining allegations in Paragraph 138.

139.    Amazon denies the allegations in Paragraph 139, except admits that employees in "Focus" may be placed into Pivot if their performance does not improve.

140.    Amazon denies knowledge or information sufficient to form a belief as to statements made by the "Whistleblower" and denies the remaining allegations in Paragraph 140.

141.    Amazon denies the allegations in Paragraph 141, except admits that employees placed into Pivot were provided with the option of leaving Amazon or improving their performance.

142.    Amazon admits the existence of documents memorializing Plaintiff's participation in the Pivot process, and respectfully refers the Court to them for a full and accurate recitation of their contents.  To the extent that the allegations in Paragraph 142 are inconsistent with those documents, Amazon denies them.

143.    Amazon denies knowledge or information sufficient to form a belief as to statements made by the "Whistleblower" and denies the remaining allegations in Paragraph 143.

144.    Amazon admits that Dizon participated in Plaintiff's Pivot meeting as her HRBP. Amazon denies knowledge or information sufficient to form a belief as to statements made by the "Whistleblower" and denies the remaining allegations in Paragraph 144.

145.    Amazon denies knowledge or information sufficient to form a belief as to statements made by the "Whistleblower" and denies the remaining allegations in Paragraph 145.

146.    Amazon denies knowledge or information sufficient to form a belief as to statements made by the "Whistleblower" and denies the remaining allegations in Paragraph 146.

147.    Amazon denies knowledge or information sufficient to form a belief as to Plaintiff's interpretation of events.

148.    Amazon denies knowledge or information sufficient to form a belief as to statements made by the "Whistleblower" and denies the remaining allegations in Paragraph 148.

149.    Amazon admits the existence of its policy concerning Workplace Discrimination, Harassment and Bullying, and respectfully refers the Court to that document for a full and accurate recitation of its contents.  Amazon denies knowledge or information sufficient to form a belief as to Plaintiff's interpretation of events.

150.    Amazon denies the allegations in Paragraph 150, except denies knowledge or information sufficient to form a belief as to Plaintiff's interpretation of events.

151.    Amazon denies the allegations in Paragraph 151, except denies knowledge or information sufficient to form a belief as to Plaintiff's interpretation of events.

152.    Amazon denies the allegations in Paragraph 152, except denies knowledge or information sufficient to form a belief as to Plaintiff's interpretation of events.

153.    Amazon denies the allegations in Paragraph 153, except denies knowledge or information sufficient to form a belief as to Plaintiff's interpretation of events.

154.    Amazon denies the allegations in Paragraph 154, except admits that Plaintiff "was a long way from getting promoted."

155.     Amazon denies the allegations in Paragraph 155, except admits that Plaintiff was asked at times to provide support to colleagues, including but not limited to Fullen.

156.    Amazon denies the allegations in Paragraph 156.

157.    Amazon admits the existence of the documents referenced in Paragraph 157 and refers the Court to them for a full and accurate recitation of their contents.  To the extent that the allegations are inconsistent with those documents, Amazon denies them.

158.    Amazon denies the allegations in Paragraph 158.

159.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160.    Amazon admits that Postelle repeatedly informed Plaintiff that the COVID-19 pandemic significantly impacted Amazon's ability to support experiential events and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 160.

161.    Amazon admits the existence of the correspondence referenced in Paragraph 161 and refers the Court to it for a full and accurate recitation of its contents.  To the extent that the allegations are inconsistent with that document, Amazon denies them.

162.    Amazon denies the allegations in Paragraph 162.

163.    Amazon denies the allegations in Paragraph 163, except admits that Plaintiff performed Level 6 tasks.

164.    Amazon denies the allegations in Paragraph 164.

165.    Amazon denies the allegations in Paragraph 165.

166.    Amazon admits that Plaintiff was not involved in all projects for which Postelle was responsible and denies the remaining allegations in Paragraph 166.

167.    Amazon admits that Peas was involved in an Amazon project involving Doja Cat and denies the remaining allegations of Paragraph 167.

168.    Amazon admits that Postelle discussed with Plaintiff the challenges involved in the Doja Cat project and denies the remaining allegations of Paragraphj 168.

169.    Amazon denies the allegations in Paragraph 169.

170.    Amazon denies the allegations in Paragraph 170.

171.    Amazon denies the allegations in Paragraph 171.

172.    Amazon denies the allegations in Paragraph 172.

173.    Amazon denies the allegations in Paragraph 173, except admits that Plaintiff was not ready to be promoted, that Postelle solicited Plaintiff's help to assist her colleagues, and that Postelle offered support and training to Plaintiff.

174.    Amazon denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174.

175.    Amazon admits the existence of the correspondence referenced in Paragraph 175 and refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in Paragraph 175 are inconsistent with that document, Amazon denies them.

176.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington for lack of personal jurisdiction, and as such, the allegations in Paragraph 176 require no response.

177.    Amazon admits the allegations in Paragraph 177.

178.    Amazon admits the allegations in Paragraph 178, except denies that Postelle routinely assigned low-level work to Plaintiff.

179.    Amazon denies the allegations in Paragraph 179.

180.    Amazon denies the allegations in Paragraph 180.

181.    On May 31, 2024, the Court dismissed Plaintiff's claims asserted against Boom and Redington, and as such, the allegations concerning their presence in New York in Paragraph 181 require no response. Amazon admits that Plaintiff attended and produced the event portion of the meeting and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181.

182.    Amazon denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 182, except admits that Fullen was a Level 5 employee.

183.    Amazon admits the existence of the document referenced in Paragraph 183 and refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in Paragraph 183 are inconsistent with that document, Amazon denies them.

184.    Amazon denies the allegations in Paragraph 184, except admits that Postelle advised Plaintiff that she would be getting a new manager.

185.    Amazon admits the existence of the document referenced in Paragraph 186 and refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in Paragraph 186 are inconsistent with that document, Amazon denies them.

186.    Amazon denies the allegations in Paragraph 186.

187.    Amazon admits the existence of the document referenced in Paragraph 187 and refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in Paragraph 187 are inconsistent with that document, Amazon denies them.

188.    Amazon admits that the budget for experiential events remained the same for 2022 and denies the remaining allegations in Paragraph 188.

189.    Amazon denies the allegations in Paragraph 189.

190.    Amazon denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 190.

191.    Amazon denies that the "whistleblower's" purported version of events was "the truth" and denies knowledge or information sufficient to form a belief as to how Plaintiff responded to those representations.

192.    Amazon denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 192.

193.    Amazon denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 193.

194.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 194 require no response.

195.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 195 require no response.

196.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 196 require no response.

197.    On May 31, 2024, the Court dismissed Plaintiff's claim sounding in constructive discharge, and as such, the allegations in Paragraph 197 require no response.

198.    The allegations in Paragraph 198 constitute legal argument to which no response is required.  To the extent that Paragraph 198 contains any factual allegations, Amazon denies them.

199.    The allegations in Paragraph 199 constitute legal argument to which no response is required.  To the extent that Paragraph 199 contains any factual allegations, Amazon denies them.

200.     On May 31, 2024, the Court dismissed Plaintiff's claim sounding in hostile work environment, and as such, the allegations in Paragraph 200 require no response.

## FIRST CAUSE OF ACTION

201.     Amazon repeats and realleges every allegation set forth above as if fully set forth herein.

202.     The allegations in Paragraph 202 constitute legal argument to which no response is required.  To the extent that Paragraph 202 contains any factual allegations, Amazon denies them.

203.     On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 203 require no response.

204.     On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 203 require no response.

205.     The allegations in Paragraph 205 constitute legal argument to which no response is required.  To the extent that Paragraph 205 contains any factual allegations, Amazon denies them.

206.     The allegations in Paragraph 206 constitute legal argument to which no response is required.  To the extent that Paragraph 206 contains any factual allegations, Amazon denies them.

207.     The allegations in Paragraph 207 constitute legal argument to which no response is required.  To the extent that Paragraph 207 contains any factual allegations, Amazon denies them.

## SECOND CAUSE OF ACTION

208.    Amazon repeats and realleges every allegation set forth above as if fully set forth herein.

209.    The allegations in Paragraph 209 constitute legal argument to which no response is required.  To the extent that Paragraph 209 contains any factual allegations, Amazon denies them.

210.    The allegations in Paragraph 210 constitute legal argument to which no response is required.  To the extent that Paragraph 210 contains any factual allegations, Amazon denies them

211.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 211 require no response.

212.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 212 require no response.

213.    The allegations in Paragraph 213 constitute legal argument to which no response is required.  To the extent that Paragraph 213 contains any factual allegations, Amazon denies them.

214.    The allegations in Paragraph 214 constitute legal argument to which no response is required.  To the extent that Paragraph 214 contains any factual allegations, Amazon denies them.

215.    The allegations in Paragraph 215 constitute legal argument to which no response is required.  To the extent that Paragraph 215 contains any factual allegations, Amazon denies them.

## THIRD CAUSE OF ACTION

216.    Amazon repeats and realleges every allegation set forth above as if fully set forth herein.

217.    The allegations in Paragraph 217 constitute legal argument to which no response is required.  To the extent that Paragraph 217 contains any factual allegations, Amazon denies them.

218.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 218 require no response.

219.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 219 require no response.

220.    The allegations in Paragraph 220 constitute legal argument to which no response is required.  To the extent that Paragraph 220 contains any factual allegations, Amazon denies them.

221.    The allegations in Paragraph 221 constitute legal argument to which no response is required.  To the extent that Paragraph 221 contains any factual allegations, Amazon denies them.

222.    The allegations in Paragraph 222 constitute legal argument to which no response is required.  To the extent that Paragraph 222 contains any factual allegations, Amazon denies them.

## FOURTH CAUSE OF ACTION

223.    Amazon repeats and realleges every allegation set forth above as if fully set forth herein.

224.    The allegations in Paragraph 224 constitute legal argument to which no response is required.  To the extent that Paragraph 224 contains any factual allegations, Amazon denies them.

225.    The allegations in Paragraph 225 constitute legal argument to which no response is required.  To the extent that Paragraph 225 contains any factual allegations, Amazon denies them.

226.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 226 require no response.

227.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 226 require no response.

228.    The allegations in Paragraph 228 constitute legal argument to which no response is required.  To the extent that Paragraph 228 contains any factual allegations, Amazon denies them.

229.    The allegations in Paragraph 229 constitute legal argument to which no response is required.  To the extent that Paragraph 229 contains any factual allegations, Amazon denies them.

230.    The allegations in Paragraph 230 constitute legal argument to which no response is required.  To the extent that Paragraph 230 contains any factual allegations, Amazon denies them.

## **FIFTH CAUSE OF ACTION**

231.    Amazon repeats and realleges every allegation set forth above as if fully set forth herein.

232.    The allegations in Paragraph 232 constitute legal argument to which no response is required.  To the extent that Paragraph 232 contains any factual allegations, Amazon denies them.

233.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 233 require no response.

234.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 234 require no response.

235.    The allegations in Paragraph 235 constitute legal argument to which no response is required.  To the extent that Paragraph 235 contains any factual allegations, Amazon denies them.

236.    The allegations in Paragraph 236 constitute legal argument to which no response is required.  To the extent that Paragraph 236 contains any factual allegations, Amazon denies them.

237.    The allegations in Paragraph 237 constitute legal argument to which no response is required.  To the extent that Paragraph 237 contains any factual allegations, Amazon denies them.

## SIXTH CAUSE OF ACTION

238.    The allegations in Paragraph 238 constitute legal argument to which no response is required.  To the extent that Paragraph 238 contains any factual allegations, Amazon denies them.

239.    The allegations in Paragraph 239 constitute legal argument to which no response is required.  To the extent that Paragraph 239 contains any factual allegations, Amazon denies them.

240.    The allegations in Paragraph 240 constitute legal argument to which no response is required.  To the extent that Paragraph 240 contains any factual allegations, Amazon denies them.

241.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 241 require no response.

242.    On May 31, 2024, the Court dismissed Plaintiff's claims against Boom and Redington, and as such, the allegations in Paragraph 242 require no response.

243.    The allegations in Paragraph 243 constitute legal argument to which no response is required.  To the extent that Paragraph 243 contains any factual allegations, Amazon denies them.

244.    The allegations in Paragraph 244 constitute legal argument to which no response is required.  To the extent that Paragraph 244 contains any factual allegations, Amazon denies them.

245.    The allegations in Paragraph 245 constitute legal argument to which no response is required.  To the extent that Paragraph 245 contains any factual allegations, Amazon denies them.

## **AFFIRMATIVE DEFENSES**

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.  Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change their Answer and Affirmative Defenses upon completion of appropriate investigation and discovery.

1.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      Plaintiff's claims for relief are barred, in whole or in part, by virtue of her own conduct.

3.      Any actions taken by Amazon with regard to Plaintiff were undertaken for legitimate business reasons and no unlawful factors motivated Amazon's actions toward Plaintiff.

4.      Plaintiff's causes of action are barred, in whole or in part, because Amazon acted reasonably in good faith at all times based on all relevant facts and circumstances known by Amazon at the time Amazon acted.

5.      If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Amazon expressly denies, Amazon would have taken the same action for lawful, non-discriminatory, non-retaliatory reasons.

6.      At all relevant times, Amazon had established and operated in accordance with policies, programs, and procedures for the detection, prevention and remediation of unlawful employment practices.

7.      Plaintiff is not entitled to punitive damages because Amazon's conduct was not motivated by evil motive or intent, nor was Amazon's conduct in reckless indifference to Plaintiff's rights under either Section 1981, the New York State Human Rights Law or the New York City Human Rights Law.  To the extent that any of Amazon's agents acted with such evil motive or intent, or reckless indifference to the legally protected rights of Plaintiff, which Amazon expressly denies, such actions were contrary to Amazon's good-faith efforts to enforce its anti-discrimination and anti-retaliation policies.

8.      Plaintiff's claims herein are barred by the statute of limitations to the extent that they rely on any conduct barred by the statute of limitations.

9.      The Complaint is barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

10.     Plaintiff did not engage in protected activity in connection with her race or any other protected characteristic.

11.     Even if Plaintiff did engage in protected activity in connection with her race or any other protected characteristic, Amazon did not retaliate against Plaintiff after Plaintiff engaged in protected activity.

12.     Amazon applies its policies and procedures without regard to race or any other protected characteristic.

13.     To the extent that Plaintiff seeks to recover damages from Amazon for personal injuries, emotional distress and/or mental anguish incurred in the course of or arising out of her employment with Amazon, such recovery is barred by the exclusive remedy provisions of the New York State Workers' Compensation Law.

14.     Amazon exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior.

15.     Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Amazon to avoid harm.

16.     Plaintiff's claims are barred, in whole or in part, because she did not suffer an adverse employment action under any applicable standard.

17.     Plaintiff's claims are barred, in whole or in part, because she was not treated less favorably than other employees on the basis of a protected status, including her race.

18.     The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as Defendants may have that cannot now be articulated due to the

generality of Plaintiff's pleadings and the fact that discovery has not yet commenced. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as the case progresses.

**WHEREFORE,** the defendants Amazon.com, Inc., and Amazon.com Services LLC pray that the Court (i) dismiss the claims of the plaintiff Keesha Anderson; (ii) award to them their costs and fees; and (iii) grant to them any such further relief as to the Court may seem just and proper.

Dated: New York, New York    DAVIS WRIGHT TREMAINE LLP
      June 28, 2024

                    By: s/ Michael J. Goettig
                        Michael J. Goettig
                        Rodrigo Tranamil
                        1251 Avenue of the Americas, 21st Floor
                        New York, New York 10020
                        (212) 489-8230
                        *Counsel for Defendants*
                        *Amazon.com, Inc., and Amazon.com Services LLC*