

July 3, 2024

**VIA ECF**
United States District Judge Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

                                   Re: *Anderson v. Amazon.com, Inc., et al.*; No. 23-cv-08347

Dear Judge Subramanian:

I am lead counsel for Plaintiff in the above-referenced matter. Per Chief United States District Judge Lorretta Preska's May 24, 2015 Order, on July 2, 2024, this matter was automatically referred to the Southern District of New York's Alternative Dispute Resolution (ADR) program of mediation. (Doc No. 101) While Plaintiff has no objections in principle to taking part in the Court's ADR program, mediation of this matter should be postponed until adequate discovery has been completed.

The parties in this case are still in the process of gathering critical evidence that would likely assist in establishing an appropriate settlement value for this case. Specifically, since confidentially disclosing the identity of the whistleblower to defendants two weeks ago, Plaintiff is now in the process of releasing supplemental discovery that will further substantiate the claims alleged in Plaintiff's Second Amended Complaint and, which I expect will take some time to review. Additionally, the parties are awaiting the release of pertinent medical records that are central to the issue of Plaintiff's damages. And, finally, Plaintiff is awaiting supplemental discovery from defendants. As such, engaging in mediation at this juncture may be premature.

Please note that this is Plaintiff's first request for a postponement of mediation and good cause exists for this request. Before submitting this application to the Court, I consulted with defense counsel, who did not concur with this request. Please note there are no scheduled appearances or pending deadlines before the Court.



Jessie M. Djata
*Attorney At Law*

Accordingly, for the reasons outlined above, Plaintiff respectfully requests a stay in the mediation process until all pertinent discovery has been exchanged, as doing so will likely increase the possibility of achieving a fair and equitable settlement for the parties involved.

Respectfully submitted,
JMD Law Group

*Jessie M. Djata*

Jessie M. Djata, Esq.
Cc: Michael Goettig, Esq. (Counsel for Defendants) (Via ECF)

The request is GRANTED IN PART. If the plaintiff is not interested in a settlement discussion at the present time, then a mediation won't be very useful. However, it's unclear to the Court why any party would plug their ears to a settlement discussion at any point in a case. It's always good to talk, it's free, and who knows, maybe you will hear something that will pique your interest. So the Court's advice is to move forward in good faith and to see what happens. But if plaintiff really doesn't want to mediate now, then of course the parties may work with the assigned mediator to set a mediation date that makes sense in light of the discovery schedule, even if that date is more than 60 days from now. But no stay. The Clerk of Court is directed to close Dkt. 102.
SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: July 3, 2024