

**Davis Wright Tremaine LLP**

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Michael Goettig**
(212) 603-6498 tel
(212) 379-5202 fax

michaelgoettig@dwt.com

August 19, 2024

**VIA ECF**

Honorable Arun Subramanian,
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *Anderson v. Amazon.com, Inc., et al.*; No. 23-cv-08347

Your Honor:

      This firm represents the defendants Amazon.com, Inc. and Amazon.com Services LLC (referred to collectively as "Amazon" or "Defendants") in connection with the complaint filed in this action by plaintiff Keesha Anderson ("Anderson" or "Plaintiff").  I write pursuant to Section 5 of the Court's Individual Rules of Practice to bring several discovery-related issues to the Court's attention which have impeded our ability to timely proceed with Plaintiff's deposition and independent medical examination ("IME").  Accordingly, we respectfully request an informal conference to address these matters with the Court and seek an extension of the discovery deadline to allow for the completion of necessary discovery.  Plaintiff's counsel has consented to the extension of the discovery deadline and the Lead Trial Counsel conference required under Your Honor's Individual Rules has occurred.

      <u>Plaintiff's January 20, 2022 Audio Recording</u>

      Plaintiff's counsel has repeatedly delayed the production of key documents and information, including audio recordings that are directly responsive to Defendants' discovery requests.  While Plaintiff has produced 26 audio recordings, she has withheld one recording crucial to Amazon's defense on the grounds that it is protected by the attorney work product doctrine.  The Court should compel the production of this recording immediately.

      Plaintiff's entire case is predicated on conversations between her and a purported "whistleblower," including one that took place on January 20, 2022.  *See* Cplt., ¶ 190.  During a telephonic meet-and-confer held on August 14, 2024, opposing counsel represented to the undresigned that Plaintiff had in her possession an audio recording of that discussion.  As the Court will recall, in partially denying Defendants' motion to dismiss the Complaint, Your Honor specifically cited the Complaint's reference to this discussion with the "whistleblower," and advised counsel pursuant to Rule 11(b)(3) and (4) that discovery would confirm whether the "whistleblower" did, in fact, make the statements alleged in the Complaint.  *See* Dkt. No. 97 at 15.  Thus, the recording in question is central to this case and must be produced.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Honorable Arun Subramanian
August 19, 2024
Page 2

Plaintiff has already produced several audio recordings of discussions that she had with the purported whistleblower, none of which supports the contention that Plaintiff was discriminated against on the basis of her race or that she was retaliated against for engaging in protected activity. On the contrary, in one of these conversations, the whistleblower specifically disclaims that race had anything to do with Amazon's treatment of Plaintiff, stating in relevant part, "You cannot personalize this. [Performance management] happens to everybody. The funny, kind of fucked-up, thing is that it has nothing to do with race." In another conversation, the "whistleblower" specifically advised Plaintiff that performance management efforts within Amazon were "not personal." While Defendants are skeptical that the contents of the withheld audio recording support the allegations in the Complaint, they of course cannot make that conclusion in the absence of the recording. The Court should compel its production.

The fact that opposing counsel coached Plaintiff about what to say to the "whistleblower" and was a silent participant in that conversation does not place the recording outside the scope of discovery. In *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183-84 (2d Cir. 2007), the Second Circuit Court of Appeals found that it was proper to compel the production of audio recordings of discussions between the appellant and a witness under virtually identical circumstances. There, as here, counsel argued that the recordings were protected by the work product doctrine because the attorney who represented the appellant had counseled the appellant about what to say during the conversations that the appellant subsequently recorded. *Id.* at 184. The court rejected that argument, held that it was proper to compel the production of the recordings, and found that the appellant had failed to carry the "heavy burden" of proving the recordings were protected by the work product doctrine. *Id.*

Notably, *In re Grand Jury Subpoena* was a criminal case implicating a defendant's Fifth Amendment right against self incrimination. Even in the face of this constitutional challenge, the court still compelled the production of the recordings on the grounds that there was a "substantial need" for the materials that could not be obtained by other means. *Id.,* at 185-86. In this civil case, by contrast, where such constitutional issues are not present, Plaintiff has specifically referenced the conversation that she recorded at Paragraph 190 of the Complaint ("On January 20, 2022, Plaitniff spoke with the Whistleblower again"). Accordingly, even assuming for the sake of this submission that the audio recording constituted attorney work product, that does not change the fact that it bears directly upon the issues in this case and must be produced.

Pursuant to Paragraph 5(D) of Your Honor's Individual Rules of Practice, the parties participated in a meet-and-confer conference on August 14, 2024, at 4:00 p.m. for approximately 24 minutes in an attempt to resolve the issues raised in this letter. The undersigned Lead Trial Counsel for Defendants, together with my associate Rodrigo Tranamil, attended the conference with Jessie Djata, Lead Trial Counsel for Plaintiff. During that call, Ms. Djata stated her position that the audio recording was protected by the attorney work product doctrine and that she would not produce it in the absence of a court order.

Accordingly, we respectfully request that the Court compel the production of this audio recording.

Honorable Arun Subramanian
August 19, 2024
Page 3

### Dr. Murray's Medical Records and Request for Extension

In addition to Plaintiff's refusal to produce the audio recording, Defendants have encountered significant difficulties in obtaining medical records from Plaintiff's psychotherapist, Dr. Nicole Murray ("Dr. Murray"). Despite multiple attempts, Dr. Murray has consistently evaded Defendants' attempts to obtain medical records referenced throughout the Complaint. *See, e.g.,* Cplt., ¶¶ 69, 77, 114, 193. Specifically, on June 28, 2024, Defendants sought the production of Dr. Murray's medical records, enclosing with that correspondence Plaintiff's authorization for the release of same. On July 11, 2024, having received no response to their prior correspondence, Defendants once again sought the production of those records from Dr. Murray. The following week, Defendants unsuccessfully attempted to serve a subpoena *duces tecum* on Dr. Murray at the address provided by Plaintiff, and were advised that Dr. Murray was no longer affiliated with the establishment that Plaintiff had identified. On July 18, 2024, Defendants sought updated contact information for Dr. Murray from Plaintiff. On July 31, Plaintiff's counsel responded by representing that Dr. Murray could be contacted at a post office box in Lewiston, New York. Later that day, the undersigned spoke with Dr. Murray at a telephone number obtained through Defendants' independent research. Dr. Murray represented that she had not produced Plaintiff's medical records because Plaintiff had subsequently revoked her consent to Dr. Murray's production of those documents. Dr. Murray further requested that all subsequent communications concerning Anderson's records go through Plaintiff's counsel. On August 15, 2024, Plaintiff's counsel represented that Dr. Murray would not produce Plaintiff's medical records until "the first week of September." These delays significantly prejudice Defendants' ability to prepare for Plaintiff's deposition and IME.

Given the issues above, Defendants find themselves unable to proceed with Plaintiff's deposition or IME. The missing audio recording, coupled with the incomplete medical records, leaves Defendants without the critical evidence needed to question the Plaintiff effectively. Pursuant to Paragraph 3(E) of Your Honor's Individual Rules of Practice, Defendants respectfully request a three-month extension of the discovery deadline to allow them the necessary time to obtain and review these materials before proceeding with Plaintiff's deposition and IME. The original date for the close of discovery, including the deadline to complete depositions, is October 4, 2024. This is the first request for an extension of the discovery deadline. The parties have no scheduled appearances before the Court, and other existing deadlines include the filing of post-discovery summary judgment motions by October 18, 2024, answering papers by November 8, 2024, and reply papers by November 22, 2024. As noted, opposing counsel has consented to this request.

Honorable Arun Subramanian
August 19, 2024
Page 4

We thank the Court for its consideration of this submission.

Respectfully submitted,

Davis Wright Tremaine LLP

/s/ Michael Goettig

Cc: Jessie M. Djata, counsel for plaintiff

Plaintiff is directed to submit a responsive letter to the Court by Tuesday, August 20, 2024 at 5:00 PM ET. The parties should appear for a remote conference on August 21, 2024 at 1:00 pm. The parties should dial 646-453-4442 and enter conference ID 837 199 693.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: August 20, 2024