

## JMD
Jessie M. Djata
*Attorney At Law*

September 18, 2024

**<u>VIA ECF</u>**
United States District Judge Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: <u>*Anderson v. Amazon.com, Inc., et al.*</u>; No. 23-cv-08347

Dear Judge Subramanian:

I am lead counsel for Plaintiff in the above-referenced matter. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the statements of a request for admission are deemed automatically admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter..." Fed. R. Civ. P. 36(a)(3) If the party to whom the request is directed fails to respond and/or seek judicial intervention to submit their response beyond the deadline, any matters admitted under this rule are conclusively established. Fed. R. Civ. P. 36(b).

In the instant case, in accordance with the Case Management Plan and Scheduling Order dated December 11, 2023 (Docket No. 53), the undersigned counsel timely submitted Plaintiff's Requests for Admission on August 9, 2024 (See attached Exhibit). Pursuant to Rule 36(a), any responses or objections were due within 30 days. In an August 30, 2024 email correspondence from Michael Goettig, lead counsel for defendants, Mr. Goettig asked that "the date on which Amazon responds to Ms. Anderson's requests for admission be extended from September 6, 2024 (the day after the mediation) to September 13, 2024 (the following Friday)." Although Plaintiff agreed to Defendants' request for additional time, Defendants failed to submit a response by the agreed-upon date. Furthermore, Defendants neither requested additional time from Plaintiff nor sought judicial intervention which, in accordance with Rule 3(c) of Your Honor's Individual Practice Rules, they were obligated to pursue at least two days prior to the September 13, 2024 deadline (by September 11, 2024). As such, in accordance with Rule 36, Plaintiff's 122 Requests for Admission should be deemed "admitted" and "conclusively established".

1



Notably, courts in the Second Circuit have consistently held that statements contained in requests for admission are admitted where a party, as here, fails to respond to the request altogether and/or makes no effort to obtain an extension. *See* <u>In Re Ladouceur,</u> No 95 Civ. 271(RSP), 1996 WL 596718, at 5 (N.D.N.Y. Oct. 15, 1996) (where the Court concluded that "even though the result may seem harsh" the defendant's claims were insufficient to excuse their failure to respond to the Request or make a motion for additional time). *See also* <u>Donovan v. Carls Drug Co.</u>, 703 F.2d 650 at 651 (2d Cir.1983) (where the District Court for the Northern District of New York denied defendant's motion to permit the late filing of a response to plaintiff's request for admissions, the Court of Appeals, Second Circuit upheld the District Court's decision, concluding that "the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule."); <u>In re Candor Diamond Corp.</u>, 76 B.R. 342, 349 n.3 (Bankr. S.D.N.Y. 1987) (where statements were deemed admitted where party was late in submitting their response); <u>In re Carousel Candy Co.</u>, 38 B.R. 927, 936 (Bankr. E.D.N.Y. 1984) (where the statements were deemed admitted after the party failed to respond).

Furthermore, while exceptions to the Rule are permitted when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result, we submit that these exceptions do not apply here. First, Plaintiff's Requests lack any conclusions of law and will, therefore, serve to narrow issues and speed the resolution of claims. <u>Donovan</u> at 652. Additionally, this matter is days from the end of discovery and Plaintiff is already awaiting the receipt of a number of discovery demands which defendants have been submitting in piecemeal fashion. And, significantly, despite the exceptions, the court in <u>Ng v. HSBC Mortg. Corp.</u>, 07–CV–5434, 2011 WL 3511296 (E.D.N.Y. Aug. 10, 2011) held that it has "the discretion to disregard lack of prejudice and deem the statements admitted "even though the result may seem harsh." Id. at 6.

Please note that this is Plaintiff's first request that Plaintiff's Requests for Admission be deemed admitted and good cause exists for this request. Before submitting this application to the Court, I consulted with defense counsel, who for the first time advised counsel that they planned to submit their responses today. Please note there are no scheduled appearances and other existing deadlines include the October 4, 2024 deadline for discovery, the filing of post-discovery summary judgment motions by October 18, 2024, answering papers by November 8, 2024, and reply papers by November 22, 2024.

JMD

Jessie M. Djata

*Attorney At Law*

Accordingly, for the reasons outlined above, Plaintiff respectfully requests that Plaintiff's Requests for Admission be deemed admitted.


Respectfully submitted,
JMD Law Group


Jessie M. Djata, Esq.
Cc: Michael Goettig, Esq. (Counsel for Defendants) (Via ECF)



The parties are directed to jointly call chambers today between the hours of 2pm ET and 5pm ET.



SO ORDERED


Arun Subramanian, U.S.D.J.
Dated: September 18, 2024

Jessie M. Djata, Esq. • 2196 Third Avenue, #31636, New York, NY 10035 • (917) 765-7475



Jessie M. Djata
*Attorney At Law*

August 9, 2024

**SENT VIA ELECTRONIC MAIL**
Mr. Michael Goettig, Esq.
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104

        Re: <u>Anderson v. Amazon.com, Inc., et al</u>

Dear Mr. Goettig:

  As you are aware, we represent Plaintiff, Keesha Anderson, in the above-referenced matter.

  Pursuant to Fed. R. Civ. P. 36, enclosed are Plaintiff's Requests for Admission to defendants numbered 1 through 122, along with copies of Defendants' Workplace Discrimination, Harassment, and Bullying Policy and the Amazon General Marketing Manager (GMM) Role Guideline as referenced in Requests for Admission Number 14 and 18, respectively.

  The Plaintiff reserves the right to supplement these requests as appropriate. Thank you.

Regards,

*Jessie M. Djata*

Jessie M. Djata, Esq.

Cc: Rodrigo Tranamil, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KEESHA ANDERSON,

                             Plaintiff,

      -against-


AMAZON.COM, INC. and AMAZON.COM SERVICES,

                         Defendants.
------------------------------------------------------------------------X

**Case No. 1:23-cv-8347**

**PLAINTIFF'S REQUESTS FOR ADMISSION**

Plaintiff, KEESHA ANDERSON ("PLAINTIFF"), requests that Amazon.com, Inc. and Amazon.com Services ("DEFENDANTS") answer fully the following set of Request for Admissions, in writing and under oath, pursuant to Rule 36 of the Federal Rules of Civil Procedure and that said answers be signed, verified, and served within thirty (30) days after service is made upon you. Please be cautioned that if you fail to admit or deny any matters upon which admissions are sought and Plaintiff is able to prove the truth thereof, Rule 37(c) of the Federal Rules of Civil Procedure permits plaintiff to apply to the Court for an order that defendant pay to Plaintiff the costs incurred in making such proof.

**DEFINITIONS**

"YOU" and "YOUR" shall mean Defendants Amazon.com, Inc., Amazon.com Services, as well as Defendants' company representatives.

"PLAINTIFF" shall mean PLAINTIFF, KEESHA ANDERSON.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**
Admit that Plaintiff is a member of a protected class (African American/Black) under 42 U.S.C. §1981 et seq., N.Y. Exec. Law §§296 et seq., and N.Y.C. Admin. Code §8-101 et seq.

**REQUEST FOR ADMISSION NO. 2:**
Admit that defendants were aware of Plaintiff's membership in a protected class (African American/Black) at the time of the alleged discriminatory acts.

**REQUEST FOR ADMISSION NO. 3:**
Admit that Plaintiff received an Offer Letter from defendants dated July 25, 2019.

**REQUEST FOR ADMISSION NO. 4:**
Admit that the document with Bates range KA - 00043 to KA - 00046 is a true and accurate copy of Plaintiff's offer letter.

**REQUEST FOR ADMISSION NO. 5:**
Admit that Plaintiff was employed by defendants from August 19, 2019 through February 25, 2022.

**REQUEST FOR ADMISSION NO. 6:**
Admit that Plaintiff was employed by Defendants as a Sr. Event & Experiential Marketing, a Level 6 position.

**REQUEST FOR ADMISSION NO. 7:**
Admit that Plaintiff timely filed her federal complaint under 42 U.S.C. §1981 et seq. against defendants.

**REQUEST FOR ADMISSION NO. 8:**
Admit that Plaintiff timely filed her federal complaint under N.Y. Exec. Law §§296 et seq. (the New York State Human Rights Law ("NYSHRL")) against defendants.

**REQUEST FOR ADMISSION NO. 9:**
Admit that Plaintiff timely filed her federal complaint under N.Y.C. Admin. Code §8-101 et seq. (the New York City Human Rights Law ("NYCHRL")) against defendants.

**REQUEST FOR ADMISSION NO. 10:**
Admit that [Defendant] requires all employees to follow its policies on [anti-discrimination, anti-harassment, etc.].

**REQUEST FOR ADMISSION NO. 11:**
Admit that Defendants have an Owner's Manual and Guide to Employment.

**REQUEST FOR ADMISSION NO. 12:**
Admit that the document with Bates range AMZKA 000064 to AMZKA 000091 is a true and accurate copy of the Owner's Manual and Guide to Employment available to plaintiff during her employment with defendants.

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendants have a Workplace Discrimination, Harassment, and Bullying Policy.

**REQUEST FOR ADMISSION NO. 14:**
Admit that the Workplace Discrimination, Harassment, and Bullying Policy enclosed with this submission is a true and accurate copy.

**REQUEST FOR ADMISSION NO. 15:**
Admit that Defendants have a Performance Improvement Process Guideline.

**REQUEST FOR ADMISSION NO. 16:**
Admit that the document with Bates range KA - 000481 to  KA - 000484 is a true and accurate copy of the Performance Improvement Process Guideline available to plaintiff during her employment with defendants.

**REQUEST FOR ADMISSION NO. 17:**
Admit that defendants have Amazon General Marketing Manager (GMM) Role Guideline.

**REQUEST FOR ADMISSION NO. 18:**
Admit that the Amazon General Marketing Manager (GMM) Role Guideline enclosed with this submission is a true and accurate copy.

**REQUEST FOR ADMISSION NO. 19:**
Admit that there are designations within the Level 6 roles.

**REQUEST FOR ADMISSION NO. 20:**
Admit that Level 6 employees employed by defendants can be designated as 'Level 6 IC', if an individual contributor.

**REQUEST FOR ADMISSION NO. 21:**
Admit that Level 6 employees employed by defendants can be designated as 'High Level 6', if managing others.

**REQUEST FOR ADMISSION NO. 22:**

Admit that in or about July or August 2019, Josh Fein informed Plaintiff that Amazon Music was interested in "going big" in experiential.

**REQUEST FOR ADMISSION NO. 23:**

Admit that in or about July or August 2019, Josh Fein informed Plaintiff that she would be able to grow a team with 1 to 2 reports.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Shelby Case was first employed by defendants in August 2016.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Shelby Case was a Caucasian female.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Shelby Case was a Level 6 employee during the fall of 2019 and had already been employed by defendants for more than 3 years.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Shelby Case was on Abigail Akzin's team during the fall of 2019.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Abigail Akzin assisted Shelby Case with her doc by putting together a team to help Ms. Case with her strategy doc.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Shelby Case was managing at least 1 employee while still a Level 6 employee.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Plaintiff complained to Mark Dizon on November 11, 2019, December 2, 2019 and December 9, 2019 regarding Abigail Akzin's behavior.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Plaintiff complained to Mark Dizon that Abigail Akzin brought Terika Palmer to their first meeting because Plaintiff and Terika Palmer were both black.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Plaintiff complained to Mark Dizon about Abigail Akzin's "passion point for hip-hop" comment.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Plaintiff complained to Mark Dizon that Shelby Case was getting more assistance with her strategy doc.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Plaintiff's complaints to Mark Dizon constituted "protected activity."

**REQUEST FOR ADMISSION NO. 35:**

Admit that Plaintiff complained to Ryan Redington in or about November 2019 regarding Abigail Akzin's behavior.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Plaintiff complained to Ryan Redington in or about December 2019 regarding Abigail Akzin's behavior.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Plaintiff complained to Ryan Redington that her (Plaintiff's) interactions with Abigail Akzin caused her (Plaintiff) to feel sick to her stomach.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Tami Hurwitz never gave Plaintiff any documented feedback while serving as her skip level manager.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Abigail Akzin never gave Plaintiff any documented feedback while serving as her manager.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the document with Bates number AMZKA 000194 is a true and accurate copy of Plaintiff's 2019 Forte report.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Plaintiff was transferred from Tami Hurwitz's group to Ryan Redington's group to separate her (Plaintiff) from Abigail Akzin.

**REQUEST FOR ADMISSION NO. 42:**

Admit that in or about January 2020, Ryan Redington informed Plaintiff that she would not be supervising any employees.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Plaintiff had a meeting with Mark Dizon on February 20, 2020.

**REQUEST FOR ADMISSION NO. 44:**

Admit that during their February 20, 2020 meeting, Plaintiff complained to Mark Dizon that Ryan Redington's decision that Plaintiff would not supervise employees felt like retaliation for complaining about Abigail Akzin.

**REQUEST FOR ADMISSION NO. 45:**

Admit that defendants' performance assessment and compensation adjustments typically occur in or about April.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Plaintiff was eligible for a performance assessment in calendar year 2020.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Plaintiff did not receive a verbal performance assessment by Ryan Redingron for calendar year 2020.

**REQUEST FOR ADMISSION NO. 48:**

Admit that while Ryan Redington prepared an assessment of Plaintiff's performance in 2020, he never shared it with her.

**REQUEST FOR ADMISSION NO. 49:**

Admit that the document with Bates range AMZKA 000195 to AMZKA 000198 is a true and accurate copy of Plaintiff's Forte for 2020, which was prepared by Ryan Redington.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Ryan Redington never verbally communicated to Plaintiff the results of her 2019 performance assessment.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Ryan Redington never informed Plaintiff that she was not meeting the requirements of the Level 6 role.

**REQUEST FOR ADMISSION NO. 52:**

Admit that Plaintiff was eligible for a compensation adjustment in calendar year 2020.

**REQUEST FOR ADMISSION NO. 53:**

Admit that Plaintiff did not receive a compensation adjustment in the calendar year 2020.

**REQUEST FOR ADMISSION NO. 54:**
Admit that, prior to Plaintiff's complaints about Abigail Akzin, Plaintiff's projected budget for 2020 was approximately $6,000,000 ($3,000,000 of which was designated for Prime Day).

**REQUEST FOR ADMISSION NO. 55:**
Admit that Plaintiff's 2020 budget was ultimately reduced to $1,000,000.

**REQUEST FOR ADMISSION NO. 56:**
Admit that Plaintiff's location change from Seattle to the JFK14-CO location in New York City became effective on April 2, 2020.

**REQUEST FOR ADMISSION NO. 57:**
Admit that as part of Plaintiff's location change, she was permitted to work from home.

**REQUEST FOR ADMISSION NO. 58:**
Admit that the document with Bates number AMZKA 000063 is a true and accurate copy of Plaintiff's Location Change Agreement.

**REQUEST FOR ADMISSION NO. 59:**
Admit that Plaintiff had a meeting with Mark Dizon on April 8, 2020.

**REQUEST FOR ADMISSION NO. 60:**
Admit that Plaintiff had a meeting with Mark Dizon on April 24, 2020.

**REQUEST FOR ADMISSION NO. 61:**
Admit that Plaintiff had a meeting with Mark Dizon on May 7, 2020.

**REQUEST FOR ADMISSION NO. 62:**
Admit that throughout Plaintiff's employment with defendants, Plaintiff's managers often assigned Plaintiff Level 4 and Level 5 tasks.

**REQUEST FOR ADMISSION NO. 63:**
Admit that throughout Plaintiff's employment, Jamie Fullen remained a Level 5 employee.

**REQUEST FOR ADMISSION NO. 64:**
Admit that Jamie Fullen was a Caucasian female.

**REQUEST FOR ADMISSION NO. 65:**
Admit that at various times throughout Plaintiff's employment with defendants, her managers requested that she support Jamie Fullen by handling administrative and other tasks.

**REQUEST FOR ADMISSION NO. 66:**
Admit that defendants placed Plaintiff in Focus on May 26, 2020.

**REQUEST FOR ADMISSION NO. 67:**
Admit that defendants issued a Tweet on May 31, 2020 in support of the George Floyd protests.

**REQUEST FOR ADMISSION NO. 68:**
Admit that the document with Bates number KA - 000508 is a true and accurate copy of Defendants' Tweet.

**REQUEST FOR ADMISSION NO. 69:**
Admit that defendants including, Ryan Redington, Kirdis Postelle, Tatiana Simonian nor Mark Dizon, ever informed Plaintiff that she was in Focus.

**REQUEST FOR ADMISSION NO. 70:**
Admit that before placing Plaintiff in Focus, she was not advised that she was performing below expectations.

**REQUEST FOR ADMISSION NO. 71:**
Admit that Plaintiff's June 1, 2020 meeting with Kirdis Postelle and Tatiana Simonian about her doc was the first time she had received feedback on a completed doc.

**REQUEST FOR ADMISSION NO. 72:**
Admit that Plaintiff had a meeting with Mark Dizon on June 2, 2020.

**REQUEST FOR ADMISSION NO. 73:**
Admit that in or about 2020, Jamie Fullen had a number of performance concerns.

**REQUEST FOR ADMISSION NO. 74:**
Admit that in or about June/July 2019, Tatiana Simonian sent a survey out to co-workers who worked with Jamie Fullen to obtain feedback on Jamie Fullen's performance.

**REQUEST FOR ADMISSION NO. 75:**
Admit that the document with Bates range KA - 000516 to KA - 000518 is a true and accurate copy of the survey that Tatiana Simonian sent out to Jamie Fullen's coworkers.

**REQUEST FOR ADMISSION NO. 76:**
Admit that the primary purpose of the Jamie Fullen survey was to help improve her performance.

**REQUEST FOR ADMISSION NO. 77:**
Admit that Plaintiff had a meeting with Mark Dizon on July 14, 2020.

**REQUEST FOR ADMISSION NO. 78:**
Admit that Plaintiff was asked to serve as a coach for Jamie Fullen during 2020.

**REQUEST FOR ADMISSION NO. 79:**
Admit that Plaintiff was told in July 2020 that her position was being revamped.

**REQUEST FOR ADMISSION NO. 80:**
Admit that the document with Bates range KA - 000127 - KA - 000129  is a true and accurate copy of the job description for the revamped position.

**REQUEST FOR ADMISSION NO. 81:**
Admit that Tatiana Simonian used the revamped position to pressure Plaintiff into voluntarily resigning.

**REQUEST FOR ADMISSION NO. 82:**
Admit that Plaintiff was not eligible for a layoff severance like other employees in her position because she was targeted for termination.

**REQUEST FOR ADMISSION NO. 83:**
Admit that Plaintiff had a meeting with Mark Dizon on August 12, 2020.

**REQUEST FOR ADMISSION NO. 84:**
Admit that Plaintiff had a meeting with Mark Dizon on August 19, 2020.

**REQUEST FOR ADMISSION NO. 85:**
Admit that after Plaintiff's August 19, 2020 meeting with Mark Dizon, Mr. Dizon stopped responding to Plaintiff's calls and requests for a meeting.

**REQUEST FOR ADMISSION NO. 86:**
Admit that Plaintiff attempted to accept the job offer for the revamped position but, after doing so, Tatiana Simonian reneged the offer.

**REQUEST FOR ADMISSION NO. 87:**
Admit that Tatiana Simonian canceled one-on-ones with Plaintiff for several weeks after reneging her job offer for the revamped position.

**REQUEST FOR ADMISSION NO. 88:**
Admit that on September 20, 2020, during a meeting with Tatiana Simonian and Mark Dizon, Plaintiff was informed that she had been placed in PIVOT.

**REQUEST FOR ADMISSION NO. 89:**
Admit that the document with bates range AMZKA 000180 to AMZKA 000193 is a true and accurate copy of Plaintiff's Pivot File from 2020.

**REQUEST FOR ADMISSION NO. 90:**
Admit that the documents with Bates range AMZKA 000209 to AMZKA 000213 are true and accurate copies of Plaintiff's Pivot Entry Form documents.

**REQUEST FOR ADMISSION NO. 91:**
Admit that Plaintiff ultimately opted to accept a Performance Improvement Plan (PIP).

**REQUEST FOR ADMISSION NO. 92:**
Admit that the document with Bates range AMZKA 000206 to AMZKA 000208 is a true and accurate copy of Plaintiff's initial PIP.

**REQUEST FOR ADMISSION NO. 93:**
Admit that the document with Bates number AMZKA 000214 is a true and accurate copy of Plaintiff's updated PIP.

**REQUEST FOR ADMISSION NO. 94:**
Admit that when an employee is placed on a PIP, the documentation (i.e., Pivot file and PIP documents) remain a part of the employee's file.

**REQUEST FOR ADMISSION NO. 95:**
Admit that defendants' employees placed on a PIP could impact their ability to transfer or promote to another position in the future.

**REQUEST FOR ADMISSION NO. 96:**
Admit that defendants' employees placed on a PIP could impact their ability to receive salary increases in the future.

**REQUEST FOR ADMISSION NO. 97:**
Admit that in or about October 2020, Plaintiff was not invited by Kirdis Postelle to join a major experiential meeting relating to the Coming 2 America movie that would be premiering in 2021.

**REQUEST FOR ADMISSION NO. 98:**
Admit that Plaintiff was taken off the PIP by Tatiana Simonian on November 18, 2020, two weeks before it was scheduled to end.

**REQUEST FOR ADMISSION NO. 99:**
Admit that soon after Plaintiff was taken off the PIP, Tatiana Simonian transferred to another group within Amazon.

**REQUEST FOR ADMISSION NO. 100:**
Admit that following Tatiana Simonian's departure from Ryan Redington's group, Kirdis Postelle became Plaintiff's direct manager.

**REQUEST FOR ADMISSION NO. 101:**
Admit that after Plaintiff was taken off of the PIP, in a one-on-one with Kirdis Postelle, Ms. Postelle indicated that she wanted to get Plaintiff promoted.

**REQUEST FOR ADMISSION NO. 102:**
Admit that the Plaintiff ultimately led the event related to the premier of the Coming 2 America movie.

**REQUEST FOR ADMISSION NO. 103:**
Admit that the document with Bates range AMZKA 000199 to AMZKA 000205 is a true and accurate copy of Plaintiff's Forte for 2021 which was prepared by Kirdis Postelle.

**REQUEST FOR ADMISSION NO. 104:**
Admit that Plaintiff's budget for 2021 remained approximately $1,000,000.

**REQUEST FOR ADMISSION NO. 105:**
Admit that Plaintiff did not receive a compensation increase in 2021.

**REQUEST FOR ADMISSION NO. 106:**
Admit that even after defendants' events were being held "back outside" the Plaintiff continued to be overlooked for experiential opportunities.

**REQUEST FOR ADMISSION NO. 107:**
Admit that Kirdis Postelle was made aware of some racially motivated comments made by Kelly Rich during a call with an African American intern that took place on July 27 or 28, 2021.

**REQUEST FOR ADMISSION NO. 108:**
Admit that Kirdis Postelle opted not to report Kelly Rich's racially motivated comments to Human Resources.

**REQUEST FOR ADMISSION NO. 109:**
Admit that Kirdis Postelle asked the Plaintiff to keep the circumstances surrounding the Kelly Rich comments to herself.

**REQUEST FOR ADMISSION NO. 110:**
Admit that Plaintiff was repeatedly told by Kirdis Postelle that events and experiential were a "low priority" or a "nice-to-have".

**REQUEST FOR ADMISSION NO. 111:**
Admit that during 2021, the Plaintiff continued to be assigned lower level (Level 4 and 5) tasks.

**REQUEST FOR ADMISSION NO. 112:**
Admit that the Plaintiff made a number of requests during 2021 to be groomed for promotion and went ignored by defendants.

**REQUEST FOR ADMISSION NO. 113:**
Admit that the Plaintiff made a number of requests during 2021 to grow a team that went ignored.

**REQUEST FOR ADMISSION NO. 114:**
Admit that in order for Plaintiff to get promoted, she needed to demonstrate an ability to perform Level 6 and Level 7 tasks.

**REQUEST FOR ADMISSION NO. 115:**
Admit that Kirdis Postelle advised the Plaintiff in December 2021 that she would be getting a new manager.

**REQUEST FOR ADMISSION NO. 116:**
Admit that getting a new manager would have the effect of further delaying Plaintiff's opportunity to promote.

**REQUEST FOR ADMISSION NO. 117:**
Admit that the documents with Bates range KA - 000158 to KA - 000169 represent the documents inadvertently emailed by Emmy Gladney Vallejos, Global Head of HR for Amazon Music on December 6, 2021.

**REQUEST FOR ADMISSION NO. 118:**
Admit that the New Year's gift sent to the Plaintiff in early January 2022 by Kirdis Postelle was sent to all of the members of her team.

**REQUEST FOR ADMISSION NO. 119:**
Admit that after Kirdis Postelle stated that she would try to secure a bigger budget for the Plaintiff in 2022, Plaintiff was ultimately slated to receive the same $1,000,000 budget.

**REQUEST FOR ADMISSION NO. 120:**
Admit that Jamie Fullen, who was a Level 5 employee at the time, had a larger budget than the Plaintiff.

**REQUEST FOR ADMISSION NO. 121:**
Admit that, despite still being a Level 5 employee, Jamie Fullen was slated to have 1 to 2 reports in 2022.

**REQUEST FOR ADMISSION NO. 122:**
Admit that the document with Bates number KA - 00062 is a true and accurate copy of Plaintiff's Restricted Stock Unit Summary as of October 6, 2020.


Dated: New York, New York
    August 9, 2024

Respectfully submitted,
JMD Law Group (d/b/a)

By: _Jessie M. Djata_
_____
Jessie M. Djata, Esq.
2196 Third Avenue
Suite
New York, New York 10035
(917) 501-7958
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  The undersigned certifies that a copy of Plaintiff's Request for Admissions to Defendants was served on August 9, 2024, via electronic mail on the following:

    Mr. Michael Goettig (michaelgoettig@dwt.com)
    Mr. Rodrigo Tranamil (rodrigotranamil@dwt.com)
    DAVIS WRIGHT TREMAINE LLP
    1251 Avenue of the Americas, 21st Floor
    New York, New York 10020
    (212) 489-8230

Dated: New York, New York
   August 9, 2024

          JMD Law Group (d/b/a)
          By:

          _Jessie M. Djata_
          Jessie M. Djata, Esq.