

September 30, 2024

**VIA ECF**
United States District Judge Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: <u>Anderson v. Amazon.com, Inc., et al.</u>; No. 23-cv-08347

Dear Judge Subramanian:

I am lead counsel for Plaintiff in the above-referenced matter. Pursuant to Rule 5(G) of Your Honor's Individual Civil Practice Rules, we submit this letter in support of Plaintiff's Motion to Compel further discovery including responses to certain document requests initially demanded in Plaintiff's First Request for Documents dated, February 15, 2024 as well as the deposition of Jameka Pankey, noticed on August 25, 2024. Accordingly, we respectfully request an informal conference to address these matters with the Court.

<u>Plaintiff's Motion to Compel the Production of Document Request Nos. 2, 3, 4, 5, 6, and 26 Should be Granted</u>

Defendants have been submitting responses to Plaintiff's document requests and interrogatories "on a rolling basis." In preparation for upcoming depositions, undersigned counsel sent defense counsel a letter, dated September 9, 2024, identifying a number of outstanding document requests and asking that they respond by September 18, 2024. Defense counsel timely responded with a letter on September 18th, and also uploaded several sets of documents to Davis Wright Tremaine LLP's secure web-based portal for Plaintiff's review between September 16th and September 20th. After conducting a detailed review of the 222 documents submitted, Plaintiff identified additional deficiencies in Defendants' responses.

Notably, in Defendants' September 18th response, defense counsel stated, among other things, that "Amazon has produced non-privileged documents responsive to these requests." Additionally, defense counsel requested that we "meet and confer" if Plaintiff had "specific knowledge" of any documents that have not been produced. Upon learning of the Court's decision to lift the stay on discovery (Docket No. 121) on September 26, 2024, undersigned counsel sent an email to defense counsel requesting that any remaining discovery be provided. In response, defense counsel resent Defendants' September 18, 2024 letter. Subsequently, on September 27, 2024, undersigned counsel sent a letter listing the "specific documents" (*See* Exhibit attached) Plaintiff had a good faith basis to believe exist and should have been produced. Additionally, recognizing it may be unreasonable to expect

Defendants to produce the remaining documents before the upcoming depositions, Plaintiff proposed an alternative approach. Rather than insisting on the immediate production of the documents, Plaintiff requested that Defendants respond in writing and indicate one of the following for each outstanding item:

1) whether the requested information has been fully provided;
2) whether the information is not available; or
3) whether the information is forthcoming (with an expected submission date)

Finally, Plaintiff requested that Defendants produce their Privilege Log for inspection. Only then did defense counsel request a copy of Plaintiff's Privilege Log.[1] After several exchanges between the parties, we agreed to meet-and-confer the same day at 2:00 p.m. During the meeting, defense counsel again requested that we identify any "specific documents" that have not been provided. Undersigned counsel noted that the September 27th letter clearly identified the "specific documents" in question and explained that at this stage, we were simply requesting Defendants to respond to the outlined questions (see above.) While defense counsel expressed a willingness to review each item over the phone, we maintained our request for written responses, consistent with standard discovery procedures. When asked whether Defendants would provide a response the same day, despite acknowledging his ability to do so during the call, defense counsel refused to commit to a specific time and instead stated that he would reply "in due course." To date, Defendants have neither answered the questions nor "promptly" produced their Privilege Log, leaving Plaintiff with no choice but to seek judicial intervention.

Defendants should, therefore, be compelled to respond to Plaintiff's straightforward request for the status of each outstanding document and produce their Privileged Log. Discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" (Fed. R. Civ. P. 26(b)(1)). In this case, the documents requested are directly relevant to the litigation. For example, Plaintiff made a total of 12 complaints to Amazon's Human Resources partner between November 2019 and August 2020. While defendants have produced complaints and investigative reports related to other employee issues, none of these 12 complaints, which are at the center of her retaliation claim, have not been provided.

<u>Plaintiff's Motion to Compel the Deposition of Jameka Pankey Should be Granted</u>

"It is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition." See <u>Russell Reynolds Associates, Inc. v. USINA</u>, Dist. Court, SD New York 2023 at 2. This is particularly true when, as in this case, the witness's testimony will likely address one of the key issues in the litigation.

---

[1] Plaintiff's Privilege Log and certification was submitted today prior to the filing of this motion.

2

**JMD**
Jessie M. Djata
*Attorney At Law*

Jameka Pankey is the current Head of Events & Experiential for Amazon Music, the position previously held by the Plaintiff. As the Court may recall, Plaintiff alleges in her complaint that Defendants diminished her role and responsibilities, relegating her to lower-level work, and repeatedly stating that "events" were a "low priority" or merely a "nice to have." (Docket No. 63, ¶¶ 130-131, 162-163). However, Plaintiff has a good faith basis to believe[2] that Ms. Pankey was recruited by Amazon with representations to the contrary—that events and experiential marketing at Amazon Music were, in fact, a high priority with adequate budget and team support. This testimony is critical to determining whether the company's stated reasons for Plaintiff's diminished role were genuine or part of a deliberate scheme to undermine her position and encourage her to leave the company voluntarily.

In addition to whether the witness possesses relevant knowledge, another factor considered when deciding a motion to compel a deposition is whether the information can be obtained from another source. See <u>Markowitz v. Precipart Corp</u>., No. 20 Civ. 5033 (GRB), 2022 WL 1508638, at *2 (E.D.N.Y. Apr. 15, 2022). Significant, one of the document requests that remains outstanding (Document Request No. 26) seeks:

> *"Any and all documents related to efforts to recruit for Plaintiff's position following her constructive discharge in February 2022. This includes, but is not limited to, copies of advertisements for the role, communications with potential candidates regarding the scope of the position, any job descriptions used in the recruitment effort, and the qualifications of the individual ultimately selected."*

During a meet-and-confer on September 13, 2024, defense counsel advised that Ms. Pankey would not be produced for deposition. During that same call, I advised that I might not require Ms. Pankey's deposition if the relevant documents were produced. Absent these documents that could clarify what Ms. Pankey was promised by Amazon, Ms. Pankey remains the best source of information regarding the scope of the position she was offered during her recruitment process.

Please note that this is Plaintiff's first Motion to Compel responses to outstanding Document Requests and for the deposition of Jameka Pankey. Upon notifying defense counsel of this motion, he reiterated that he would "respond in due course". Please note that pending deadlines include the October 18, 2024 deadline for discovery, the filing of post-discovery summary judgment motions by November 1, 2024, answering papers by November 22, 2024, and reply papers by December 6, 2024. Accordingly, for the reasons outlined above, Plaintiff respectfully requests that Plaintiff's motion to compel the production of documents and the deposition of Jameka Pankey be granted.

---

[2] Ms. Pankey and Plaintiff had direct contact while Ms. Pankey was being recruited by Amazon Music and shared information about the position she was being offered.



Respectfully submitted,
JMD Law Group

Jessie M. Djata, Esq.
Cc: Michael Goettig, Esq. (Counsel for Defendants) (Via ECF)
   Rodrigo Tranamil, Esq. (Counsel for Defendants) (Via ECF)

The parties are directed to meet and confer on the requested discovery on or before October 2, 2024. Based on defendants' responses, the information plaintiff seeks either does not exist or defendants have agreed to produce it. So really, the parties just didn't talk it out as they should have. **Both sides must complete the review and production of any remaining documents, and the furnishing of a privilege log, on or before October 8, 2024.** As for the deposition of Ms. Pankey, no argument has been made that plaintiff has exceeded the number of depositions she is allowed under the rules, and plaintiff has articulated at least some basis for the potential relevance of Ms. Pankey's testimony. However, the deposition may be taken remotely. And plaintiff's counsel should make sure this deposition is needed (and consider the necessity of the deposition after taking Ms. Postelle's deposition) and she should make her best efforts to conclude the deposition within 3 hours.

The Clerk of Court is directed to terminate the motions at Dkts. 122, 123.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: October 1, 2024.

4



# Jessie M. Djata
*Attorney At Law*

September 27, 2024

**SENT VIA ELECTRONIC MAIL**
Mr. Michael Goettig, Esq.
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104

Re: <u>Anderson v. Amazon.com, Inc., et al</u>

Dear Mr. Goettig:

As you are aware, we represent Plaintiff, Keesha Anderson, in the above-referenced matter.

I am writing to inquire again about the status of discovery. Below, I have outlined the specific items that we have yet to receive based on Plaintiff's February 15, 2024, May 29, 2024 and September 9, 2024 requests:

<u>Document Request No. 2</u>: We have yet to receive copies of the complaints made to Ryan Redington and Mark Dizon about Ms. Akzin's racially motivated behavior making things "worse" as described in multiple December 10, 2019 emails between Ryan Redington and other individuals and that created the "toxic" environment mentioned in Ryan Redington's May 19, 2020 email to Mark Dizon. These documents are directly relevant to this litigation and must be produced forthwith.

<u>Document Request No. 3</u>: All complaints against Abigail Akzin by other employees, agents, etc. of Amazon have not been provided. At a minimum, additional documents should be provided for complaints made by former employee, Alex Pinto. These documents are directly relevant to this litigation and must be produced forthwith.

<u>Document Request No. 4</u>: The complaint against Abigail Akzin by former employee, Jenny Levine, has not been provided. These documents are directly relevant to this litigation and must be produced forthwith.

<u>Document Request No. 5</u>: Documents substantiating the complaints made by Abigail Akzin about Terika Palmer that resulted in Ms. Palmer having to contact each member of the team with an apology, have yet to be provided. These documents are directly relevant to this litigation and must be produced forthwith.



Jessie M. Djata<br>*Attorney At Law*

<u>Document Request No. 6</u>: We have yet to receive any documentation of the 9 different complaints that Plaintiff made to Mark Dizon between February and August 2020, including the email that Ms. Anderson drafted to Mark Dizon in August 2019 putting her complaints in writing. These documents are directly relevant to this litigation and must be produced forthwith.

<u>Document Request No. 19</u>: We have yet to receive any documents confirming Jamie Fullen's current job level, position, budget and the number of individuals who report to her. These documents are directly relevant to this litigation and must be produced forthwith.

<u>Document Request No. 26</u>: We have yet to receive any documents including advertisements, email correspondence and other communications surrounding the efforts made to recruit to fill Plaintiff's former position. These documents are directly relevant to this litigation and must be produced forthwith.

As requested in my September 26, 2024 email correspondence, please respond to each of the above inquiries with one of the following:

      1) the requested information has been fully provided;

      2) the information is not available; or

      3) the information is forthcoming (with an expected delivery date).

Finally, this is my formal request that Defendants submit their Privileged Log for review.

Thank you for your attention to this matter. I look forward to your prompt response.

Regards,

*Jessie M. Djata*

Jessie M. Djata, Esq.

cc: Rodrigo Tranamil, Esq.