# JMD
### Jessie M. Djata
*Attorney At Law*

October 15, 2024

**VIA ECF**
United States District Judge Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

                Re: *Anderson v. Amazon.com, Inc., et al.*; No. 23-cv-08347

Dear Judge Subramanian:

I am lead counsel for Plaintiff in the above-referenced matter. Pursuant to Rule 5(G) of Your Honor's Individual Civil Practice Rules, Plaintiff submits this letter motion to Compel the deposition of Kim Costello, whom defendants have designated in response to Plaintiff's Rule 30(b)(6) Notice to testify in place of Mark Dizon, the originally noticed Human Resources Partner. Defendants have indicated that while Ms. Costello's earliest availability for deposition is October 28, 2024 (after the close of discovery) they will not produce her unless the discovery deadline is extended by four weeks. In the alternative, Plaintiff respectfully requests that the Court allow Ms. Costello's deposition to proceed on October 28, 2024, and grant defendants two weeks from her deposition date for the limited purpose of responding to any follow-up requests from Plaintiff based on her testimony.

By way of background, a notice for Mark Dizon's deposition was issued on April 1, 2024. Significantly, Mark Dizon was the HR partner to whom Plaintiff alleges she made 12 different complaints, including complaints that her manager's treatment was racially motivated (Docket No. 63, ¶¶ 21-22a-g, 33, 50, 53, 60, 64, 76, 79, 91 and 93). Defendants have yet to produce any documentation of Plaintiff's complaints to date. What's more, while defendants included Mr. Dizon in its Rule 26(a)(1) disclosures submitted February 15, 2024, we recently discovered that Mr. Dizon left the company over a year ago.

Only on September 16, 2024, did defense counsel inform undersigned counsel that Mark Dizon had left the company and that efforts were being made to secure his deposition for the case through a separation agreement. Then, during a meet-and-confer on October 2, 2024, defense counsel informed Plaintiff's counsel for the first time that Mr. Dizon would not be cooperating nor would he be produced for deposition. On October 2nd, undersigned counsel promptly requested that defendants produce an alternate witness to testify, among other things, about Amazon's human resources practices and procedures. In a letter dated October 7, 2024, undersigned counsel made a second request for defendants to identify a Rule 30(b)(6) witness. Defendants did not identify Kim Costello as the witness until October 10, 2024, eight days after Plaintiff's initial request. What's more, in defense counsel's October 10th letter, he indicated that Ms. Costello would not be available for a deposition until after

                                                                                                                                              1

JMD

Jessie M. Djata
*Attorney At Law*

October 23, 2024, five days beyond the current discovery deadline, in part, because Amazon would need time to prepare Ms. Costello to be deposed.

In an email sent to defense counsel yesterday, October 14, 2024, undersigned counsel asked that defense counsel provide the earliest possible date for Ms. Costello's deposition. This morning (October 15th), defendants advised that Ms. Costello is available to be deposed on October 28th or October 30th but that defendants would not produce Ms. Costello to be deposed unless Plaintiff requests and obtains a four (4) week extension on the current deadline for discovery. This was the first time undersigned counsel had any indication that defendants would not consent to produce Ms. Costello for deposition otherwise. For the following reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to compel the deposition testimony of Kim Costello on the earliest possible date offered, October 28, 2024 and to permit defendants an additional two weeks from the deposition date for the limited purpose of producing any documents requested based on Ms. Costello's testimony.

First, in this Court's August 23, 2024 Order (Docket No. 109), Your Honor stated that "the Court will certainly allow the parties to finish up any necessary discovery through to the summary-judgment deadline." While Plaintiff has had an opportunity to depose several other Amazon representatives, we have not had an opportunity to depose any representatives from the human resources department who, among other things, may be able to testify about the procedures surrounding complaints, plaintiff's specific complaints[1], and particular aspects of the company's performance improvement process that were unfamiliar to the witnesses produced thus far. The summary judgment schedule does not begin until November 1, 2024. Given that Ms. Costello is available on October 28th, prior to the beginning of the summary judgment briefing schedule, we respectfully request that this Court grant this motion to compel Ms. Costello's testimony on October 28, 2024.

Second, defendants should not be permitted to benefit from their willful delay in alerting undersigned counsel that Mr. Dizon would not be available to testify. Notably, during the deposition of Ryan Redington, General Manager of Amazon Music on October 1, 2024, in response to a question about the timing of Mark Dizon's termination, he testified *"I haven't seen Mark [Dizon] in months. I think he's been gone for quite a while…"* This obviously raised questions about the timing of Mr. Dizon's departure. During our October 15th (today's) meet-and-confer, defense counsel suggested that, notwithstanding any deposition testimony, Mark Dizon "left the company at the beginning of September." On October 9, 2024, however, undersigned counsel was finally able to reach Mark Dizon directly at which time Mr. Dizon confirmed that he was terminated by Amazon and had left the company in September 2023, over a year ago. After sharing that information with Mr. Goettig, he

---

[1] Significantly, Mr. Dizon reported to Ms. Costello who was also employed during the relevant time frame (2019 - 2022). What's more, she may be able to shed light on any documentation that may exist to substantiate the Plaintiff's complaints.

acknowledged that there was indeed a gap between Mr. Dizon's last day of "active work" versus the company's documented termination date. Defendants' inclusion of Mr. Dizon in their Rule 26(a)(1) disclosures, identifying him as the "Global HR Leader" and stating that he "may be contacted through counsel," however, were misleading to Plaintiff about his status. Had undersigned counsel understood that Mr. Dizon had not been an active employee for over a year, we certainly would have submitted the Rule 30(b)(6) notice weeks if not months ago.

Third defendants should not benefit from their failed efforts to secure a separation agreement with Mr. Dizon. Defendants became aware of this lawsuit in October 2023. They had nearly a year to secure a separation agreement with Mr. Dizon, who, according to him, had already left the company by the time the suit was filed. Yet, the first time that undersigned counsel was advised that Mr. Dizon was no longer with the company or that efforts were being made to secure his deposition was last month, on September 16, 2024 (approximately two weeks from the initial discovery deadline). Defendants had more than a year to secure Mr. Dizon's agreement to testify and took an inordinate amount of time to provide undersigned counsel with an accurate picture of the circumstances. Plaintiff should not be deprived of the opportunity to depose a potentially key witness from defendants' human resources department when it's obvious that defendants have employed delay tactics to avoid producing the witness or any potential documentation that may result from the deposition of this witness.

During our meet-and-confer today, Mr. Goettig advised that unless the discovery deadline is extended, defendants would object to producing any follow-up documents and/or information requested based on Ms. Costello's testimony. Once again, defense counsel has known for over a year that Mr. Dizon was not actively employed. Rather than timely disclose this information to Plaintiff's counsel, defendants proceeded to represent Mr. Dizon as an active employee in their Initial Disclosures (which they have yet to update) and chose to wait until two weeks before the original discovery deadline to notify Plaintiff's counsel of Mr. Dizon's termination. Then, on October 2nd when undersigned counsel was finally advised that Mr. Dizon would not be produced, we promptly made a request that an alternate individual be identified and Defendants took over a week to respond. Now, in addition to attempting to deny Plaintiff the opportunity to depose a human resources representative altogether, defense counsel has effectively asked undersigned counsel to secure the four (4) week extension or waive Plaintiff's right to make any follow-up requests for information.

Please note that this is Plaintiff's first Motion to Compel the deposition of Kim Costello. Defendant's responses to Plaintiff's intention to file this motion are noted above. Please note that pending deadlines include the October 18, 2024 deadline for discovery, the filing of post-discovery summary judgment motions by November 1, 2024, answering papers by November 22, 2024, and reply papers by December 6, 2024.



Respectfully submitted,
JMD Law Group



Jessie M. Djata, Esq.
Cc: Michael Goettig, Esq. (Counsel for Defendants) (Via ECF)
   Rodrigo Tranamil, Esq. (Counsel for Defendants) (Via ECF)

The request is GRANTED. The discovery deadline is extended until October 28, 2024 solely for the purposes of Ms. Costello's deposition. Summary judgment motions are due November 11, 2024, answering papers are due December 2, 2024, and replies are due December 16, 2024.

The Clerk of Court is requested to terminate the motions at Dkts. 127 and 129.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: October 18, 2024

4