
Davis Wright
Tremaine LLP

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Michael Goettig**
(212) 603-6498 tel
(212) 379-5202 fax

michaelgoettig@dwt.com

<span style="color:blue">The request is DENIED.

The Clerk of Court is directed to terminate
the motion at Dkt. 157.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: November 18, 2024</span>

November 14, 2024

<u>**VIA ECF**</u>

Honorable Arun Subramanian, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:     *Anderson v. Amazon.com, Inc., et al.*; No. 23-cv-08347

Dear Judge Subramanian:

This firm represents the defendants Amazon.com, Inc. and Amazon.com Services LLC (referred to collectively as "Amazon" or "Defendants"). I write to respectfully request that the Court hold in abeyance the motions filed on behalf of plaintiff Keesha Anderson ("Anderson" or "Plaintiff") for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure (Dkt. Nos. 153-55, "Plaintiff's Sanctions Motion") and for the preclusion of Amazon's expert report and responses to Plaintiff's requests for admission (Dkt. Nos. 151-52, 156, "Plaintiff's Preclusion Motion," referred to collectively with Plaintiff's Sanctions Motion as "Plaintiff's Motions"). Because both of Plaintiff's Motions seek evidentiary relief before a jury in the event that Plaintiff's claims survive Amazon's motions for summary judgment (Dkt. Nos. 140-43, "Defendants' SJ Motion") and for sanctions (Dkt. Nos. 144-50, "Defendants' Sanctions Motion," referred to collectively with Defendants' SJ Motion as "Defendants' Motions"), the Court should hold them in abeyance pending disposition of Defendants' Motions.

Holding Plaintiff's Sanctions Motion in abeyance will conserve the resources of the Court and parties, with no prejudice to Plaintiff. In Plaintiff's accompanying memorandum of law (Dkt. No. 152, "Plaintiff's Sanctions MOL"), she seeks an order allowing the jury to make an adverse inference in light of the fact that Amazon has produced no documents to support her claim that she engaged in protected conduct.  *See, e.g.,* Plaintiff's Sanctions MOL, at 2 ("There is no doubt that the absence of this documentation, particularly Plaintiff's complaints, could lead a jury to erroneously assume that no such reports were made"), 13 ("the absence of these records undoubtedly complicates [Plaintiff's] ability to prove her case – especially if the jury is allowed to consider the possibility that Plaintiff never made the complaints"), and 13 ("The absence of this documentation, particularly Plaintiff's complaints, creates a significant risk that a jury might erroneously conclude that no such reports were made").  To the extent that any of the arguments set forth in Plaintiff's Sanctions MOL are relevant to Defendants' Motions, Plaintiff is of course free to make them in her opposition papers. However, Amazon should not be forced to devote resources to opposing Plaintiff's Sanctions Motion at this time.

Similarly, in the memorandum of law in support of Plaintiff's Preclusion Motion (Dkt. No. 154, "Plaintiff's Preclusion MOL"), she argues that Amazon's expert report should be precluded in order to "prevent confusing and misleading the jury" (Plaintiff's Preclusion MOL,

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Honorable Arun Subramanian
November 14, 2024
Page 2

at 11). *See also id.*, at 12 ("To suggest otherwise is misleading and will confuse the jury"), 13 ("While these statements are technically accurate, they are nonetheless presented in a way that would mislead the jury"), 16 (" the way Dr. Kent describes the results may make it difficult and even confusing for the reader (the jury) to distinguish between traits that Plaintiff may be likely to exhibit based on the test results and those traits that are actually inherent to Plaintiff"), 17 (summary of Plaintiff's "'heightened sensitivity to social interactions' … may lead the jury to mistakenly conclude that these traits are inherent to Plaintiff"), 18 (seeking preclusion of certain passages of expert report, "[g]iven the high likelihood that these statements may mislead or confuse the jury"), 19 (representations in report "create a misleading narrative that mischaracterizes Plaintiff's psychological profile, warranting close scrutiny and exclusion of such statements to prevent jury confusion") and 19 ("Such distortions misrepresent the facts and pose a serious risk of misleading the jury"). Here too, to the extent that any argument in Plaintiff's Preclusion MOL is relevant to either of Defendants' Motions, she is free to make them in her briefing in opposition to them.

As the Court is aware, Amazon previously sought a stay of discovery once it became clear that Plaintiff's pleadings contained material factual misrepresentations. *See* Dkt. No. 119 ("The Court should enter an immediate stay of discovery, to be lifted only upon a determination that 1) Plaintiff commenced this action in good faith in accordance with Rule 11, and 2) she can amend the pleadings in such a way that will sufficiently state a cause of action"). After initially granting that request and setting a briefing schedule on Amazon's anticipated motion for sanctions (Dkt. No. 120), the Court subsequently lifted the stay upon a determination that "a stay and motion for sanctions would introduce needless delay to these proceedings. The ultimate question for the Court will be whether any malfeasance on the part of the plaintiff allowed her to advance an otherwise meritless claim through discovery" (Dkt. No. 121). Amazon respectfully submits that the Court should determine the answer to that question before imposing upon Amazon the expense and disruption attendant to opposing Plaintiff's Motions.

On November 13, 2024, Amazon sought Anderson's input on its proposal to hold Plaintiff's Motions in abeyance pending judicial disposition of Defendants' Motions. Anderson did not consent to Amazon's proposal. [1]

We thank the Court for its attention to this request.

Respectfully submitted,

Davis Wright Tremaine LLP

/s/

Michael Goettig

Cc: Jessie M. Djata, counsel for plaintiff

---

[1] Amazon is compelled to note that Anderson's refusal to consent to a temporary abeyance of briefing on Anderson's Motions is consistent with a litigation strategy "that appears to involve inflicting upon Amazon the maximum amount of … expense and inconvenience as possible." Dkt. No. 141, at 10.