UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
KEESHA ANDERSON,

              Plaintiff,

     - against -                      Case Action No. 1:23-cv-08347-AS

AMAZON.COM, INC. and AMAZON.COM
SERVICES LLC,

              Defendants.
---------------------------------------------------------------- x

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF DEFENDANTS'
# MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE LLP**
Michael Goettig
Rodrigo Tranamil
1251 Avenue of the Americas, 21st Floor
New York, New York 10021
(212) 489-8230
*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

I. PLAINTIFF'S RULE 56.1 COUNTERSTATEMENT FAILS TO COMPLY WITH LOCAL RULE 56.1 .................................................................................................. 1

    A. The Representations in Amazon's 56.1 Statement Are Undisputed Unless Specifically Refuted with Admissible Evidence in Anderson's Response ............. 1

    B. The Court Should Disregard Anderson's Counterstatement ................................. 3

II. THE OPPOSITION FAILS TO REBUT UNDISPUTED FACTUAL AND LEGAL ISSUES .................................................................................................................. 5

    A. Plaintiff Ignores Undisputed Material Facts ............................................................ 5

        1. Plaintiff Ignores the Fact that She Consistently Received Ongoing Feedback on Her Performance ..................................................................... 5

        2. Plaintiff Ignores Postelle's Testimony ......................................................... 6

    B. Plaintiff Ignores Post-*Muldrow* Precedent ............................................................ 7

III. PLAINTIFF CANNOT CREATE A DISPUTED ISSUE OF MATERIAL FACT WITH SPECULATION, CONCLUSORY ASSERTIONS OR IRRELEVANT ARGUMENTS ................................................................................................................ 7

    A. The Court Should Reject Plaintiff's Speculative Assertions of Race-Based Discrimination .......................................................................................................... 7

    B. The Court Should Reject Plaintiff's Conclusory Claims of Retaliation ................. 8

    C. Irrelevant Disagreements Concerning Plaintiff's Job Performance or Amazon's Practices Do Not Preclude Entry of Summary Judgment ....................................... 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Brown v. Eli Lilly*,
  654 F.3d 347 (2d Cir. 2011)...............................................................................................7

*Delaney v. Bank of America Corp.*,
  766 F. 3d 163 (2d Cir. 2014)..............................................................................................9

*Gonzalez v. K-Mart Corp.*,
  585 F. Supp. 2d 501 (S.D.N.Y. 2008)................................................................................2

*In re UBS AG Sec. Litig.*,
  No. 07 Civ. 11225, 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014) ...............5

*Muldrow v. City of St. Louis, Missouri*,
  601 U.S. 346 (2024)............................................................................................................6

*Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*,
  925 F. 2d 566 (2d. Cir. 1991).............................................................................................8

*Urquhart v. Metro. Transp. Auth.*,
  975 F. Supp. 2d 320 (S.D.N.Y. 2013)................................................................................2

*Zann Kwan v. Andalex Group LLC*,
  737 F. 3d 834 (2d Cir. 2013)..............................................................................................9

**Federal Statutes**

42 U.S.C. § 1981..................................................................................................................2

**Rules**

Fed. R. Civ. P. 56(c) ...........................................................................................................2

Local Rule 56.1...........................................................................................................1, 2, 3, 4

Local Rule 56.1(b) ..........................................................................................................1, 3

Local Rule 56.1(d) ...............................................................................................................2

Plaintiff's[1] Memorandum of Law in Opposition to Amazon's Motion for Summary Judgment (the "Opposition," or "Opp.," Dkt. Nos. 176 and 178) offers nothing to preclude entry of summary judgment in Amazon's favor. Viewed in the light most favorable to the non-movant, the undisputed material facts establish that Anderson was provided with support, coaching and corrective feedback throughout her time with Amazon, that she did *not* engage in protected activity, and that she voluntarily left Amazon for a more lucrative employment opportunity in February 2022.[2] The Opposition ignores these facts and instead relies upon pure speculation in an effort to salvage a cause of action. The Court should enter summary judgment in Amazon's favor and grant to Amazon such other and further relief as it may deem appropriate.

**I.     Plaintiff's Rule 56.1 Counterstatement Fails to Comply With Local Rule 56.1**

    **A.     The Representations in Amazon's 56.1 Statement Are Undisputed Unless Specifically Refuted with Admissible Evidence in Anderson's Response**

Under Local Rule 56.1, a party opposing a motion for summary judgment "must include a correspondingly numbered paragraph [in response to the moving party's 56.1 statement] admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party." Local Rule 56.1(b). "[E]ach statement denying and controverting any statement of material fact… must be followed by citation to evidence that would be admissible and set forth as required

---

[1] Capitalized terms not defined herein have the meanings attributed to them in the Memorandum of Law in Support of Amazon's Motion for Summary Judgment (Dkt. Nos. 147 and 148, the "Moving Memorandum" or "Moving MOL").

[2] Read in a more objective light, the undisputed facts in this case establish that Anderson began plotting this lawsuit years in advance of its filing. In this light, she surreptitiously recorded her discussions with colleagues and supervisors throughout the course of her employment with Amazon in anticipation of commencing this lawsuit. In this light, Anderson conspired with her attorney to misrepresent the contents of those recordings in order to present a misleading and inaccurate narrative to this Court. Also in this light, Anderson spoliated evidence by deleting an untold number of recorded discussions because those recordings could not be presented in a way that supported her fabricated claims of discrimination and retaliation.

by Fed. R. Civ. P. 56(c)." L. Civ. R. 56.1(d). This is not what Plaintiff has submitted. Instead, Plaintiff's Response to Defendant's Rule 56.1 Statement (the "56.1 Response," Dkt. No. 177) is replete with arguments,[3] assertions lacking evidentiary support,[4] and non-responsive replies[5] – none of which is sufficient to dispute the factual representations in Amazon's 56.1.

Even worse, the Opposition is devoid of any reference to the 56.1 Response whatsoever – and more than half of the Opposition contains factual assertions lacking reference to any record evidence at all. *See, e.g.*, Opp., at 10-24. It appears that Anderson and her counsel expect the Court to comb through the 56.1 Response and the 80 exhibits attached to the Declaration of Jessie Djata ("Djata Decl.," Dkt. No. 182) to locate evidence in support of those assertions. However, "[i]t is the duty of the parties, not the court, to sift through the record and bring to the court's attention the pertinent information that may create or defeat a triable issue of fact." *Urquhart v. Metro. Transp. Auth.*, 975 F. Supp. 2d 320, 334 (S.D.N.Y. 2013). "Judges are not like pigs, hunting for truffles buried in the record." *Gonzalez v. K-Mart Corp.*, 585 F. Supp. 2d 501, 503 (S.D.N.Y. 2008) (cleaned up). As such, the Court should conclude that, "[w]ithout any specific citations to particular facts, Plaintiff's allegations 'amount to nothing more than generalized assertions.'" *Urquhart*, 975 F. Supp., at 334 (cleaned up) (granting defendants' motion for summary judgment on plaintiff's claims of race-based discrimination and retaliation under Section 1981, NYSHRL and NYCHRL).

Accordingly, the Court should consider the representations set forth in the 56.1 to be undisputed unless squarely challenged with admissible evidence in the 56.1 Response.

---

[3] See, for example, paragraphs 1, 2, 8, 16, 21, 35, 47-54, 64, 70, 72, 75-76, 80, 83, 85-87, 90-91, 93, 99, 100 and 105 of the 56.1 Response.

[4] See, for example, paragraphs 21, 28, 30, 31, 32-33, 35-36, 39-40, 47, 48-52, 58-59, 62-70, 72-87, 90-91, 93, 98-99, 100 and 104-105 of the 56.1 Response.

[5] Compare, for example, 56.1, ¶ 25 (Fein emailed Hurwitz about pairing Anderson with a "strong on-boarding buddy") and 56.1 Response, ¶ 25 ("Plaintiff disputes that she was ever told that Terika Palmer was her onboarding buddy or served in that capacity in any way").

### B. The Court Should Disregard Anderson's Counterstatement

Under Local Rule 56.1(b), a party opposing a motion for summary judgment may, "if necessary, [include in its Rule 56.1 response] additional paragraphs containing a separate, short and concise statement of additional material facts *as to which it is contended that there exists a genuine issue to be tried*" (emphasis added). Here too, this is not what Anderson has submitted. Rather, as part of her 56.1 Response, Plaintiff has submitted a forty-one page, 190-paragraph "Counterstatement of Undisputed & Material Facts" (the "Counterstatement"). *See* 56.1 Response, at pp. 35-76. Forty-six of its 190 paragraphs are supported in whole or in part by references to the Complaint – which, of course, is not evidence in admissible form.[6] Rather than attempt to identify "genuine issues to be tried," as allowed under the Local Rule, the Counterstatement purports to set forth *undisputed* material facts – evidently in support of a motion for summary judgment that Plaintiff has not made.  The Court should strike it.

The Counterstatement also misrepresents deposition testimony. For example, the Counterstatement claims that Redington testified at his deposition that he "communicated the substance of the issues Plaintiff raised" to Hurwitz and Gladney-Vallejos. *See* Counterstatement, ¶ 27; *see also* Opp., at 3. The cited testimony does not support this assertion. On the contrary, Redington testified that he did *not* remember the details of Plaintiff's concerns – nor did he recall conveying the "substance" of those concerns to either Hurwitz or Gladney-Vallejos. *See* Djata Decl., Ex. 3 (Redington Tr.), 57:7-22, 107:16-21. Despite Amazon's repeated objections over the course of Redington's deposition (*see, e.g.*, *id.*, 85:2-10, 87:10-88:1, 90:19-91:10, 134:16-135:3, 140:10-18), Plaintiff's counsel continues to blur the line between an attorney's deposition questions (which are of

---

[6] *See* Counterstatement, ¶¶ 1, 2, 4, 10, 20, 24(a)-(d), 25, 29, 48, 86, 87, 88, 93, 94, 99, 100, 101, 104, 105, 106, 107, 108, 113-15, 123, 134, 137(d), 138, 150-52, 154, 155, 158-59, 165, 168-69, 180, 181, 183 and 188.

course not evidence) and sworn deposition testimony. The Counterstatement, and by extension the Opposition, cannot create a material factual dispute by misrepresenting deposition testimony or pretending that an attorney's question is admissible evidence.

The Counterstatement also misrepresents the contents of documents in the record. For example, it is emphatically not the case that Simonian failed to provide Plaintiff with clear notice on May 18, 2020, that she was not operating at an L6 level. Counterstatement, ¶ 120. On the contrary, during that meeting, Simonian stated that three of the four goals Plaintiff had prepared in her strategy doc were "a little L5-y." Reply Declaration of Michael Goettig, dated December 18, 2024 ("Goettig Reply Decl."), Ex. A, at 2:52. Simonian further clarified that she was "charting [Plaintiff] against L6 [Individual Contributor ("IC")]," explaining that an L6 IC should be "someone who can just go handle problems on their own and ladder up the business." *Id.*, at 3:57. Simonian continued, "you should … like, intuitively know how to handle it.… That said, I don't mind you looping me in on certain things."[7] *Id.*, at 4:21-4:32. Here too, the evidence cited in the Counterstatement does not support the proposition that Plaintiff asserts.

The Court should strike the Counterstatement on the grounds that it falls outside the scope of documents authorized to be filed on a motion for summary judgment under Local Rule 56.1. To the extent that the Court is inclined to consider the Counterstatement – which it should not do – it should disregard all assertions unsupported by reference to responsive evidence in the record. In any event, because the Counterstatement fails to identify a triable issue of fact and

---

[7] This feedback aligns with Simonian's earlier coaching, which consistently emphasized the importance of meeting L6 standards. For example, on May 15, 2020, Simonian encouraged Plaintiff to "apply an L6 lens" and model leadership behaviors. *See* Moving MOL, at 13-14. These interactions demonstrate that Plaintiff was regularly provided with clear guidance and opportunities for improvement.

instead recites a litany of *immaterial* facts, it provides no basis upon which to deny Amazon's motion for summary judgment.

## II.     The Opposition Fails to Rebut Undisputed Factual and Legal Issues

The Opposition is silent as to many of the material facts and key points raised in Amazon's Moving Memorandum. Plaintiff's failure to acknowledge undisputed facts and controlling legal authority does not make them go away. Instead, by ignoring them, Plaintiff "concedes through silence" the legitimacy of the arguments and evidence presented in the Moving Memorandum. *In re UBS AG Sec. Litig.*, No. 07 Civ. 11225, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014).

### A.     Plaintiff Ignores Undisputed Material Facts

#### 1.     Plaintiff Ignores the Fact that She Consistently Received Ongoing Feedback on Her Performance

As detailed in the Moving Memorandum, Plaintiff received consistent feedback throughout her tenure at Amazon. *See* Moving MOL, at 12-14, 23. Despite this evidence, the Opposition claims that Anderson received no "coaching and constructive feedback" before being placed into Focus or Pivot. Opposition, at 8. This argument is directly contradicted by the record. Simonian's feedback consistently provided Plaintiff with notice of specific expectations and areas for improvement. For instance, on May 5, 2020, Simonian emailed Plaintiff about her failure to include other team members in correspondence. *See* 56.1, ¶ 65. On May 15, 2020, Simonian sent Plaintiff a written summary of the feedback she had provided during a one-on-one meeting earlier that day. 56.1, ¶ 67. And of course, as mentioned in Section I(B), *supra*, Anderson fundamentally misrepresents her May 18, 2020, discussion with Simonian.

By disregarding this detailed and contemporaneous record of coaching and feedback, Plaintiff attempts to rewrite the facts to suit her claims. The evidence, however, remains undisputed.

### 2.     **Plaintiff Ignores Postelle's Testimony**

In the Opposition, Anderson continues to argue that Postelle's statement, "I'm not going to be the Black girl that fires the Black girl," supports her claims of race-based discrimination. Opp., at 13. Here too, Plaintiff ignores undisputed evidence in the record. On this point, Amazon incorporates by reference the discussion found at page 19 of its memorandum of law in opposition for Anderson's motion for discovery-related sanctions (Dkt. No. 170). As set forth more fully therein, Postelle testified that Plaintiff's characterization of her statements in paragraph 42 of the Complaint "is conflating two different things" to "present… a narrative that [Postelle] never intended." What's more, Postelle testified that the statement was intended to *reassure* Plaintiff that any past conflicts she may have had with Akzin would not affect Postelle's relationship with her. Djata Decl., Ex. 4 (Postelle Tr.), 77:3-12. Postelle further testified that, following her hire in early 2020, she came to understand that a number of her direct and indirect reports – including Anderson – had "sharp elbows," and specifically stated that race was not a factor in Amazon's identification of her direct and indirect reports. *Id.*, 65:19-66:4, 76:16-77:16. Far from demonstrating discriminatory intent, Postelle's comment – which is presented in the Complaint in quotation marks, boldface and italics (Dkt. No. 63, ¶ 42) – actually *undermines* the contention that Plaintiff's race played any part in Amazon's decision to place her into Focus or Pivot.  Here too, Plaintiff's disregard of evidence in the record does not make it go away.

### B.     Plaintiff Ignores Post-*Muldrow* Precedent

As the Court will recall, it denied dismissal of the Complaint on the grounds that recent Supreme Court precedent in *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024), had changed the standard for plaintiffs claiming that they had experienced an adverse employment action. *See* Court Order, Dkt. No. 97, at 12. In its Moving Memorandum, Amazon summarized post-*Muldrow* cases in this Circuit where courts entered summary judgment in employers' favor, notwithstanding *Muldrow*'s more plaintiff-friendly standard. Moving MOL, at 21-22. The Opposition fails to address any of these decisions. Plaintiff cites no authority to rebut Amazon's arguments or distinguish these holdings, instead choosing to fall back on a "discrimination laundering" theory of Plaintiff's and her counsel's own invention. Opposition, at 20-21. This failure to address legal authority cited in Amazon's Moving Memorandum underscores that entry of summary judgment in Amazon's favor is warranted as a matter of law.

## III.    Plaintiff Cannot Create a Disputed Issue of Material Fact With Speculation, Conclusory Assertions or Irrelevant Arguments

In response to Amazon's SJ Motion, Anderson was under a duty to come forward with "specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly*, 654 F.3d 347 (2d Cir. 2011), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). The Opposition offers no such evidence. Because unsubstantiated speculation, conclusory assertions and irrelevant arguments are all that the Opposition offers, the Court should enter summary judgment in Amazon's favor.

### A.     The Court Should Reject Plaintiff's Speculative Assertions of Race-Based Discrimination

At this stage, Plaintiff cannot continue to rely upon purportedly "detailed and consistent" allegations (Opp., at 10) and speculative assertions unsupported by admissible evidence. For instance, in response to Amazon's argument that there is insufficient evidence to support the

7

claim that Akzin characterized Anderson as having a "passion point for hip hop," Anderson references an investigation report that she contends "support[s] the likelihood" that Akzin made the statement. Opp., at 11-12. Anderson then goes on to claim that it was "likely" that Postelle was aware of Plaintiff's placement into Focus (*id.*, at 13), that Hurwitz's written assessment of Plaintiff's performance "suggests" wrongdoing on Amazon's part (*id.*), and that Hurwitz's assessment "calls into question" Amazon's motivations (*id.*). Plaintiff also relies upon Redington's speculation (*id.*, at 12-13) and a hypothetical scenario presented by Simonian (*id.*, at 14) in support of her efforts to salvage a cause of action. *None* of this is admissible evidence sufficient to create a triable issue of fact.

Plaintiff offers no evidence to support her claim that *anyone's* actions toward her were motivated by racial bias, and instead relies upon unsupported speculation and subjective impressions insufficient to sustain a claim of discrimination. Because she has no evidence to support her claims of race-based discrimination, they must be dismissed.

      **B.**      **The Court Should Reject Plaintiff's Conclusory Claims of Retaliation**

In the Opposition, Plaintiff claims that her discussions with Dizon "undoubtedly qualify as protected activity." Opp., at 10. Here too, she is wrong. According to her January 24, 2022, affidavit, Anderson made no reference to race whatsoever during her discussions with Dizon. *See* Dkt. No. 154-2. To the extent that Plaintiff attempted to cure the defects in her claim of retaliation through subsequent affidavits and deposition testimony, "[t]he rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing [her] own prior sworn testimony," *Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F. 2d 566, 572 (2d. Cir. 1991). On this point, Amazon incorporates by reference the analysis set forth in Amazon's Memorandum of Law In Opposition to Plaintiff's Motion for Discovery-Related Sanctions (Dkt. No. 170, pp. 6-9).

What's more, even if Plaintiff's discussions with Dizon had constituted protected conduct, there is nothing in the record to connect those discussions to *any* disparate treatment. Plaintiff offers only speculation unsupported by admissible evidence that she "became a target for mistreatment" for retaliatory reasons. Opp., at 7. Evidence establishes that Amazon's actions stemmed from documented performance concerns – not retaliation. The Court should dismiss Anderson's claims of retaliation as well.

### C.    Irrelevant Disagreements Concerning Plaintiff's Job Performance or Amazon's Practices Do Not Preclude Entry of Summary Judgment

Much of the Opposition is devoted to protesting that Anderson's job performance did not warrant corrective action (notwithstanding the contemporaneous documentary evidence to the contrary). Opp., at 16-18. However, an employee's "subjective disagreement with her employer's assessment of her performance is not sufficient to demonstrate retaliatory intent and defeat summary judgement." *Zann Kwan v. Andalex Group LLC*, 737 F. 3d 834, 852 (2d Cir. 2013). Plaintiff further claims that Amazon fabricated or exaggerated her performance issues to justify placing her in Focus and Pivot. Opp., at 16. Even here, in the absence of any evidence that an employer was motivated by unlawful considerations (of which, in this case, there is none), the role of this Court is not to "sit as a super-personnel department that reexamines an entity's business decisions." *Delaney v. Bank of America Corp.*, 766 F. 3d 163, 169 (2d Cir. 2014). As discussed in Section II(A)(1), *supra*, Amazon's reasons for its actions are supported by detailed, contemporaneous documentation. Plaintiff's failure to acknowledge the existence of that feedback – *even to this day* – or disagreement as to whether the feedback was warranted does not give rise to a cause of action. Employers – not courts or employees – determine the standard for satisfactory job performance. *Id.* Plaintiff cannot transform dissatisfaction with Amazon's objective performance evaluation into actionable discrimination or retaliation claims.

Finally, the record rebuts any suggestion that Amazon's practice of tracking URA metrics to anything to do with Anderson's placement into Focus and Pivot. Anderson provides *no* evidence in support of the claim that Amazon's facially neutral policy of tracking URA metrics had a disparate impact on a protected class of employees of which she is a member. *See* Opp., at 8. On the contrary, record evidence establishes that Amazon's practices are "really focused on performance and making sure that we're being really clear about performance and providing feedback to employees about performance…. [T]he way we performance manage … does limit … discriminatory practices." Djata Decl., Ex. 5 (Costello Tr.), 120:22-121:17. What's more, Postelle testified that she and Simonian "never had a URA goal," and that she could see no reason for Simonian to feel pressure to meet a goal that did not exist. Djata Decl., Ex. 4 (Postelle Tr.), 111:20-114:14. Even if they *had* had a goal, it would be "very hard" for a manager to manufacture a bogus performance issue concerning a direct report because Amazon is "really a metrics-driven and data-driven company. It's not enough for managers to simply say, oh, I think this person is underperforming. We would require some sort of a documentation or understanding of why that is[.]" Djata Decl., Ex. 5 (Costello Tr.), 122:8-17. The claim that an effort to meet some unidentified URA goal prompted Amazon to attempt to drive Anderson from the company is further rebutted by the simple fact that Plaintiff was classified as being eligible for rehire at the time of her departure. *See* Goettig Reply Decl., Ex. B.

## CONCLUSION

For the reasons set forth herein as well as all prior and contemporaneous proceedings and motions, the defendants Amazon.com, Inc., and Amazon.com Services LLC respectfully request that the Court enter summary judgment in their favor on all of the claims asserted by the plaintiff Keesha Anderson, dismiss the Complaint in its entirety with prejudice, grant to them an award of attorney's fees and costs, and grant such other relief to Amazon as the Court deems appropriate.

Dated: New York, New York
December 18, 2024

DAVIS WRIGHT TREMAINE LLP

By: /s/ Michael Goettig
Michael Goettig
Rodrigo Tranamil
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
michaelgoettig@dwt.com
rodrigotranamil@dwt.com
*Attorneys for Defendants*